19347

In the Matter of William P. DONELAN, Jr., Respondent
(185 S. E. (2d) 893)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Irvin D. Parker, Asst. Atty. Gen.,* of Columbia, *for Complainant.*

*Kermit S. King, Esq.,* of Columbia, *for Respondent.*

January 5, 1972.

*Per Curiam:*

This disciplinary proceeding was commenced against the respondent, William P. Donelan, Jr., (who was admitted to practice law by this Court in 1962) following a complaint lodged with the Board of Commissioners on Grievances and Discipline accusing him of having misappropriated trust funds. The matter was fully heard by a panel of three members of the Board. Mr. Donelan admitted that of some $24,500.00 entrusted to him by Edward J. Ahrens on July 16 and 20, 1970, he had applied only $3,750.00 to his client's use and had misappropriated the balance. Prior to the hearing, he had given his note, secured by a second mortgage on his home and other real estate, to secure $15,000.00 of the funds, which had been advanced by Mr. Ahrens' mother, and was negotiating a similar arrangement as to the balance, to which Mr. Ahrens' former wife was beneficially entitled.

The panel found that respondent had been guilty of misconduct tending to pollute the administration of justice in the misappropriation of funds entrusted to him by his client. It also found that there were substantial extenuating circumstances, which while not excusing respondent's misconduct, moved the panel to recommend that he be indefinitely suspended from the practice of law, rather than that he be disbarred.

In due course the matter was reviewed by the Board, whereupon the findings of fact of the panel were adopted, but a majority of the members of the Board, the panel members not participating, voted to recommend disbarment. Those not favoring disbarment voted in favor of recommending indefinite suspension. The numerical division does not appear from the record.

In November, 1971, within thirty days of the action taken by the Board, the persons entitled to the trust funds were paid in full from the proceeds of respondent's property sold under mortgage foreclosure. In the distribution of the pro-

ceeds to Mr. Ahrens' mother and his former wife, respondent did not receive credit for the $3,750.00 which he originally paid out to his client's use, and, to this extent, he is out of pocket.

Respondent concedes his guilt of misconduct, and we must now decide which of the two appropriate sanctions should be applied. The record does not indicate repetitious misconduct; instead this appears to be an isolated instance. As already indicated, full restitution has been made. We, like the panel, are impressed by extenuating circumstances, which need not be recounted, but which include some grievous burdens of which respondent was not the author. In the exercise of our ultimate responsibility in such matters, we have decided that the extreme penalty of disbarment should not be imposed.

Accordingly, it is ordered that respondent be indefinitely suspended from the practice of law in this State and that he forthwith surrender to the Clerk of this Court his certificate of admission to practice.