## 19905

In the Matter of Gerald R. CLAY, Respondent.

(209 S. E. (2d) 561)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *A. Camden Lewis, Asst. Atty. Gen.,* of Columbia, *for Appellant.*

*Rodney A. Peeples, Esq.,* of Barnwell, *for Respondent.*

November 6, 1974.

*Per Curiam:*

The Board of Commissioners on Grievances and Discipline has found the respondent, Gerald R. Clay, a member of the Bar since 1958, guilty of professional misconduct which tends to pollute the administration of justice and to bring the legal profession into disrepute, and has recommended that he be publicly reprimanded. The matter is now before the Court under a rule requiring him to show cause why the findings of the Board should not be confirmed and

such disciplinary order issued as the Court may deem proper.

In his return, the respondent does not seriously question the factual findings of the Board but asserts that his conduct was not so reprehensive as to require a public reprimand and urges only that he be given a private reprimand.

A review of the record convinces us that the conduct and actions of the respondent constituted professional misconduct.

William Walter Gordan died intestate on September 21, 1964, seized and possessed of four small parcels of land. Located on one of said parcels was the family residence. Clara Jane Gordan, the widow, was appointed administratrix of his estate. At the suggestion of the Probate Judge for Abbeville County, the respondent was employed by the widow to bring an action in aid of assets, the personal estate of the deceased being insufficient to pay his debts. This action resulted in a decree authorizing the sale of the real estate. The respondent was directed by Clara Jane Gordan to bid for her on the property to be sold at auction. At the sale, the respondent purchased the residence lot for the widow for the sum of $500.00, and the three other parcels for either $400.00 or $600.00. The widow complied with the bid for the residence lot and a deed was made by the probate judge to her. The three other parcels of land were conveyed by the probate judge by three deeds, dated March 2, 1965, to Sarah R. Clay, the then wife of the respondent. These deeds recited a total consideration of $400.00, but the respondent testified that he purchased this property for a total of $600.00. Thereafter, these three parcels of land were conveyed by Sarah R. Clay to Hazel Haddon, by deed dated November 8, 1965, for the consideration of $800.00, thereby realizing a profit of either $200.00 or $400.00, which the respondent admittedly converted to his own use.

The respondent admits that he did not pay for the three parcels of land until they were subsequently sold by him and

conveyed by his then wife to the purchaser. The respondent testified that upon the consummation of the sale to Hazel Haddon, he then paid over to the probate judge $600.00, in cash, and at such time took no receipt for the payment. The respondent further testified that he felt that he was holding the deeds for his client. If this was true, the question arises as to why he did not tender her the profits from the sale. If, as contended by the respondent, he took the deeds to the property in question in the name of his then wife, because his client did not immediately comply, at the conclusion of the auction sale of the property, with his bid in her behalf, then he should have had the property resold on the same or a subsequent sales day, as was provided for in the decree of sale.

There can be no question that the respondent's acts were in violation of Canon 11 of the Code of Ethics, in that in dealing with trust property he, to the detriment of his client, personally profited. The Board concluded that the respondent did not represent his client with the degree of fidelity to which she was entitled, and that such conduct tended to pollute the administration of justice and to bring the legal profession into disrepute.

The record reveals that the respondent, in July, 1973, closed his law office in Abbeville and went to live in Virginia, near the home of his parents, where he does not now practice law. This was the result of a personal tragedy occurring in the respondent's family and not by reason of any claimed misconduct.

The Board of Commissioners has recommended that the respondent be publicly reprimanded for his conduct. The Board is a dedicated group of attorneys who conscientiously pursue complaints regarding charges against attorneys. The recommendations of this Board should be given much weight. We find no reason in the record before us for refusing to accept their recommendation that the respondent be publicly reprimanded.

Having found Gerald R. Clay guilty of the professional misconduct before mentioned, he stands publicly reprimanded by this Court in accordance with Section 5(c) of the Rule on Disciplinary Procedure.

Let this order be published with the opinion of this Court.