20404

In The Matter of Gerald R. CLAY, Respondent.
(234 S. E. (2d) 229)

*Messrs. Daniel R. McLeod,* and *A. Camden Lewis,* of Columbia, *for Complainant.*

April 18, 1977.

Per Curiam:

This is a disciplinary case. The Panel of the Board of Commissioners on Grievances and Discipline found respondent Clay in violation of Disciplinary Rules 1-102A(3), 102-

A(4), 102A(5) and 102A(6) of the Code of Professional Responsibility and recommended disbarment. In its report to this Court, the full Board unanimously accepted the Panel's findings and recommendation. The matter is now before us on a rule to show cause why the report of the Board should not be confirmed and such disciplinary order as this Court may deem proper be issued.

Respondent was not present or represented by counsel at the Panel hearing, the Board meeting, or oral argument before this Court. His only response to the charges brought against him was a letter, essentially denying wrong-doing but saying he would not defend himself. Respondent left South Carolina in 1973 after the tragic death of his wife and apparently has not lived in the State since.

The facts as found by the Panel and Board and supported by the record are as follows: Mrs. Alma C. Borin employed respondent, in late 1971 or early 1972, to represent her in a divorce proceeding and to draft a will. Mrs. Borin paid respondent $1,000.00 in legal fees. Respondent persuaded her to deposit $19,000.00 in a joint (with respondent) savings account in the South Carolina National Bank.

Over a period of about two and one-half years Mrs. Borin withdrew some $1,500.00 from the account. During this time Mrs. Borin was in contact with respondent about the legal matters he was handling for her. Respondent assured her that her money was safe. In September 1974, Mrs. Borin went to South Carolina National and learned that only $155.00 remained in the account. Respondent had withdrawn the rest, transferring a majority of the monies to his checking account in the same bank. Of the approximately $17,-500.00 respondent misappropriated from the joint savings account, he has reimbursed Mrs. Borin $250.00.

At the Panel hearing Mrs. Borin testified by deposition and an officer of South Carolina National Bank, who verified respondent's withdrawals, testified in person.

We agree with the findings that respondent's conduct and actions constituted professional misconduct. He was publicly reprimanded in *In re Clay*, 263 S. C. 230, 209 S. E. (2d) 561 (1974), for unethical conduct in 1965 in connection with the settlement of an estate. Section 6 of this Court's Rule on Disciplinary Procedure for Attorneys requires that upon a finding of misconduct after a public reprimand of an attorney, this Court must either indefinitely suspend or disbar that attorney. The appropriate discipline here is disbarment.

Accordingly, this Court hereby orders Gerald R. Clay disbarred from the practice of law in the courts of this State. Respondent shall forthwith surrender to the Clerk of this Court his certificate to practice law.

Disbarred.