## 20477

In the Matter of John LAKE, Jr.
(236 S. E. (2d) 812)

*Daniel R. McLeod, Atty. Gen., A. Camden Lewis* and *George C. Beighley, Asst. Attys. Gen.,* of Columbia, *for Complainant.*

*Hemphill P. Pride, II,* of Columbia, *for Respondent.*

August 3, 1977.

Per Curiam:

This case is before us on a rule to show cause why the report of the Board of Commissioners on Grievances and Discipline should not be confirmed. The Hearing Panel recommended indefinite suspension and the Board, by majority vote, concurred in that recommendation. First before the Board, and then before this Court, respondent urged indefinite suspension as the proper sanction. We agree with the Board that respondent violated the Code of Professional Responsibility and engaged in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute. However, we think the appropriate discipline is disbarment.

The facts are not in dispute. All matters relating to respondent's professional misconduct were admitted. On November 20, 1975, he was employed to handle a real estate sale between K & D Enterprises, Inc., as seller, and Mr. and Mrs. Ernest Byrd, as buyer. At the closing, respondent collected $4,922.58, which he was to hold in trust to satisfy a second mortgage held by Frank Ulmer Lumber Company, Inc.

Respondent did not deposit the funds in an escrow trust account, but held them in cash. Between November 20 and December 31, he used the money entrusted to him for personal purposes. On December 31 he tendered a check to Frank Ulmer Lumber Company, Inc. for $4,987.24, representing principal and accrued interest, but the check was returned for insufficient funds. As of the date of the argument before this Court, Frank Ulmer Lumber Company, Inc., had not been paid the funds in question.

Respondent offered in mitigation that he was nearly destitute at the time he took the money. He represented many poor clients. Also, he was engaged in settlement negotiations in another case at the same time. He anticipated a fee from the settlement that would cover the amount due Frank Ulmer Lumber Company, Inc. For various reasons, he never received the fee.

Respondent was candid during the hearings on this matter. He admitted all the facts, and pled extreme financial pressures. He readily admitted that since the Board's charges had been brought against him, he had been emotionally and mentally unfit to practice law. He had been under the care of a psychiatrist. On advice of his attorney, and upon order of the Board, he surrendered his license to practice to this Court pending the outcome of these proceedings. A guardian ad litem was appointed for him.

Previously respondent was privately reprimanded by the Board for questionable financial dealings with a client. And at the panel hearing respondent admitted that on other occasions he borrowed minor sums from his clients' monies, without their knowledge, for his personal needs. We cannot allow misappropriation of clients' funds, however understandable the financial pressures are that prompted the misappropriation.

Respondent relies on *In re Donelan,* 257 S. C. 405, 185 S. E. (2d) 893 (1972), in which the attorney was indefinitely suspended for misappropriating a client's funds. But in that case Donelan paid in full the persons entitled to the trust funds he had diverted. The Court found his misconduct to have been only an isolated instance. Finally, the Court found extenuating circumstances that made indefinite suspension, rather than disbarment, appropriate.

The findings of the Board are, of course, entitled to great weight, but in the final analysis they are advisory only. *See In re Bloom,* 265 S. C. 86, 217 S. E. (2d) 143 (1975). In this case we think a stronger

 

sanction than that recommended by the Board is required. Respondent engaged in activities that led to a private reprimand. He has now misappropriated trust funds and failed to make restitution. Such conduct warrants disbarment. *See In re Clay,* S. C., 234 S. E. (2d) 229 (1977); *In re Burr,* 267 S. C. 419, 228 S. E. (2d) 678 (1976). We are cognizant, of course, that the primary purpose of disbarment is to protect the public, not to punish the attorney. *In re Burr, supra.*

Accordingly, it is ordered that respondent's certificate to practice shall be retained by the Clerk of this Court, and that respondent shall be disbarred from the practice of law in this State.