23482

In the Matter of Donald Henry McLELLAN, Jr., Respondent.

(409 S.E. (2d) 411)

Supreme Court

*Attorney General T. Travis Medlock* and *Asst. Attys. Gen. James G. Bogle, Jr.,* and *Barbara M. Heape,* Columbia, *for complainant.*

*Donald Henry McLellan, Jr., pro se.*

Heard Nov. 14, 1990.

Decided Sept. 23, 1991.

*Per Curiam:*

In this attorney grievance matter, the respondent admitted the allegations of professional misconduct. The Hearing Panel recommended a public reprimand. The Executive Committee unanimously adopted the Panel's findings of fact and conclusions of law, but recommended a sixty-

day suspension with reinstatement conditioned upon respondent's demonstration that he is alcohol-free and emotionally, physically and mentally able to handle the stress of practicing law. The Executive Committee further recommended that Lawyers Caring About Lawyers assist in respondent's rehabilitation. We find that respondent's violations of the Code of Professional Responsibility are of such gravity that the appropriate sanction is disbarment.

Prior to mid-1987, when new counsel was retained, the respondent represented Sami Bakir and Sami Enterprises, Inc. (Bakir). While represented by the respondent, Bakir forwarded $38,500 to the respondent to pay Bakir's 1986 federal taxes. Respondent failed to make remittance to the Internal Revenue Service and as a result, Bakir was assessed interest and penalties for nonpayment in the amount of $9,052.29.

Respondent admits to commingling Bakir's funds and converting them to respondent's personal use. Respondent also admits that he made loans of approximately $35,000 to $40,000 to Sami Enterprises, Inc., while he was representing the corporation.

In the case of another client, Rebekah Westmoreland, respondent admitted that he failed to timely file the case and exceptions with the Supreme Court.

Further, respondent admitted to alcohol and mental health problems for an eighteen month period while he was still actively engaged in the practice of law.

We find that the respondent has breached the Code of Professional Responsibility by violating DR 1-102 *Misconduct* (A)(1), (3), (4) and in the following respects:

1) Respondent loaned funds to a client while representing that client. DR 5-103(B).

2) Respondent failed to act competently by neglecting legal matters entrusted to him through late filing of appeal brief in one case and failing to mail corporate tax returns and payment in another. DR 6-101(A)(3).

3) Respondent commingled client funds and misappropriated client funds to his own personal or business use. DR 9-102(A), (B)(3) and (4).

We hold that the findings of the Board are entitled to great weight; but in the final analysis, such findings are advisory only. *See In re Bloom,* 265 S.C. 86, 217 S.E. (2d) 143 (1975). In this case, we think a stronger sanction than that recommended by the Board is required.

Misappropriation of client funds must not be countenanced, however understandable the financial pressures which prompt such action. Moreover, in the present case, the respondent has failed to make restitution. *In the Matter of Lake,* 269 S.C. 170, 236 S.E. (2d) 812 (1977). We find that the conduct of the respondent in the matters before this Court warrants disbarment. *See In the Matter of Clay,* 268 S.C. 409, 234 S.E. (2d) 229 (1977); *In the Matter of Burr,* 267 S.C. 419, 228 S.E. (2d) 678 (1976).

Accordingly, it is ordered that the respondent is disbarred from the practice of law in this state. It is further ordered that within ten (10) days from the date hereof, the respondent shall deliver his certificate to practice to the Clerk of this Court.

Disbarred.