23947

In the Matter of Clyde O. ACKERMAN, Respondent.
(438 S.E. (2d) 229)

Supreme Court

*Coming B. Gibbs, Jr.,* of *Gibbs & Holmes,* Charleston, *for respondent.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

Submitted Oct. 8, 1993.

Decided Nov. 8, 1993.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to disbarment. We accept respondent's admission and disbar him.

Respondent was temporarily suspended from the practice of law in November 1992. That suspension was based upon respondent's admission that between January 1991 and October 1992, he misappropriated, commingled and/or converted over $400,000 in client funds and law firm funds for his own personal use, for the use of the firm or for the use of Ackerman Realty. Respondent failed to timely pay funds due and owing clients and failed to remit approximately $128,000 in withholding taxes to the Internal Revenue Service and the South Carolina Tax Commission.

Respondent has now admitted to similar ethical violations in four specific matters he handled prior to being suspended. The facts are as follows:

### Miczek Matter

Respondent was retained by Mr. and Mrs. Miczek to conduct a title search and record appropriate documents relative to a real estate loan with Enterprise Bank. Respondent took the $411.00 paid to him for that purpose and converted, commingled and/or misappropriated it. He did not provide the properly recorded deed with documentary stamps and related

instruments. When the Board of Commissioners on Grievances and Discipline (Board) inquired into this matter, respondent submitted an untimely response indicating that he had paid the Vice President of Enterprise Bank $200.00 in hopes that it would take care of the matter.

### Savannah Credit, Inc. Matter

Savannah Credit, Inc. hired respondent to bring suit on its behalf. As a result of the litigation, funds relative to the action were received by the Beaufort County Sheriff's Department. The Sheriff's Department thereafter gave respondent a check for $6,149.35, the amount received. Respondent converted, misappropriated and/or commingled the funds to his own personal use and gain or for purposes other than for which it was intended. After the Board began an investigation into this matter, respondent deposited $4,600.00 with a member of his law firm and requested that his client be paid. Further, respondent failed to reply to the Board's inquiry into this matter.

### Sands Publishing Company Matter

Respondent resolved this litigation in favor of his client, Sands Publishing Company. He received checks totalling approximately $2,112.00 from the defendants in the matter for payment to his client. However, instead of forwarding the funds to his client, respondent instead misappropriated, commingled, and/or converted them to his own personal use and gain, or for purposes other than for which they were intended. After the Board began its investigation, respondent paid the client $638.30 of the funds owed. Respondent also responded to the Board's inquiry into this matter; however, instead of addressing the allegations against him, he simply returned the Board's letter with a notation "This has been paid."

### Walker, Bonaparte Matter

Respondent was retained to buy and sell real estate for a sale price of approximately $7,700.00. That sum was deposited in an escrow account maintained by respondent. However, a marketable title could not be provided, and a demand was

made on respondent to return the money. Respondent was unable to return the funds because he had commingled, misappropriated and/or converted them to his own use, failed to preserve their identity, and/or wrongfully applied them for purposes other than for which they were intended. Another demand was made of respondent for the money. Respondent inferred to his clients that the funds had gone to his real estate company as opposed to his law firm. He wrote two personal checks to the clients, totalling $7,700.00, with a request to hold them until he could give them a certified check. Respondent has yet to provide the clients with a certified check.

### Conclusion

Respondent admits that his actions involved the misappropriation and commingling of client and personal funds. He also admits that he failed to properly deliver to clients funds to which they are entitled. Finally, respondent admits that he failed to maintain the integrity of his trust/escrow accounts and operating account.

Respondent has violated Rule 1.15 of the Rules of Professional Conduct, Rule 407, SCACR, by failing to maintain the integrity of client funds and failing to promptly deliver client funds. Respondent has also violated Rule 8.1 of Rule 407 by failing to adequately respond to inquiries made by the Board of Commissioners on Grievance and Discipline. Finally, respondent has engaged in professional misconduct involving dishonesty, fraud, deceit and misrepresentation in violation of Rule 8.4 of the Rules of Professional Conduct.

It is therefore ordered that respondent shall be disbarred from the practice of law in this State. Disbarment shall be retroactive to November 18, 1992, the date on which respondent was temporarily suspended from the practice of law by Order of this Court. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of filing of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Disbarred.