24324

In the Matter of Carl C. HENDRICKS, Jr., Respondent.

(462 S.E. (2d) 286)

Supreme Court

*Attorney General Charles M. Condon* and *Senior Assistant Attorney General James G. Bogle, Jr.,* of Columbia, *for complainant.*

*Carl C. Hendricks, Jr.,* Beaufort, *pro se.*

Heard Aug. 8, 1995.

Decided Sept. 18, 1995.

*Per Curiam:*

In this attorney grievance matter, the Hearing Panel recommended indefinite suspension. The Executive Committee concurred with the Panel's finding of misconduct but recommended respondent be disbarred. We agree with the finding of misconduct and disbar respondent from the practice of law.

### Fripp Island Villa Matter

Respondent was a member of a partnership which owned two villas at Fripp Island encumbered by a $140,000 mortgage on both units. Respondent was the closing attorney for the Osbornes who purchased one of the villas, owned by the partnership, for $81,000. Respondent received all of the funds at closing, but instead of applying the funds to release the unit from the $140,000 mortgage, he diverted the proceeds to pay his own obligations at the same bank which held the mortgage on the units. Respondent admitted he failed to apply the proceeds received at closing to satisfy the mortgage. The Osbornes caused an indictment to be issued against respondent for breach of trust with fraudulent intent. However, the indictment was *nolle prossed* after the mortgage was satisfied.[1]

### South Carolina Title Insurance Company Matter

Respondent admitted that his employee, at his direction, issued a title insurance policy covering a $35,000 mortgage to respondent which failed to reflect a sizable outstanding prior-

---

[1] The Fripp Island Villa was not released to the Osbornes as a result of payment by respondent, but was released due to a partial payment by a third party.

ity mortgage. As a result of respondent defaulting on certain loans, the title insurance company was forced to pay $30,000 on respondent's behalf. S.C. Title Insurance Co. has not been reimbursed for its loss.

### Practice under Suspension

Respondent was suspended from the practice of law on May 19, 1994, for failing to comply with Mandatory Continuing Legal Education requirements. He was reinstated as of June 16, 1994, after a showing of compliance. Respondent admits drafting and filing pleadings in a civil case during the time he was suspended and prior to reinstatement.

### J. Richard Thompson Matter

Thompson hired respondent to conduct a title search. Thompson paid respondent $235 in advance for his legal services. Respondent failed to respond to numerous inquiries about the status of the title search until the time of the panel hearing. Respondent testified at the hearing he was hospitalized during that time and his paralegal handled this matter for him. It was discovered upon reviewing the file which had been turned over to the Attorney General's office the paralegal had performed a title abstract. Respondent admitted he failed to timely respond to two inquiries from the Board concerning this matter. Respondent eventually refunded Thompson $235 plus an additional $100.

### Noel Watkins Hill Matter

Respondent was appointed personal representative of Peggy Rowell Watkins' estate in January 1991. One of three beneficiaries, Noel Hill, made repeated inquiries about the progress of the estate but respondent failed to respond to her. Respondent admitted he was negligent in not responding to Ms. Hill's inquiries. The probate judge eventually closed the estate as defunct due to inactivity. Respondent testified he was purposely stalling and had left the estate open as a strategy to protect the assets for one of the beneficiaries. A claim for medical services was filed but not paid by respondent.[2] There was no accounting of the escrow account and at one point respondent attempted to get the heirs to sign a waiver

---

[2] Respondent paid the doctor's claim prior to the hearing before this court.

of accounting and right to appear. Ms. Hill eventually hired another attorney to settle the estate.

## Contempt Matter

Respondent was held in civil contempt by this Court on September 9, 1994, for failure to respond to the Board's subpoena but was given an opportunity to comply. Respondent complied.

## CONCLUSION

Respondent's conduct warrants disbarment. Respondent has misappropriated funds of a client and diverted them to his personal use in violation of Rules 1.1, 1.3, 1.15 and 8.4 of the Rules of Professional Conduct, Rule 407, SCACR. He has misrepresented facts to the S.C. Title Insurance Company to obtain a title policy in violation of Rules 4.1 and 8.4 He has neglected to handle clients' matters and failed to communicate with clients in violation of Rules 1.1, 1.3 and 1.4. Respondent has practiced law while under suspension and failed to timely comply with a subpoena in violation of Rule 8.4.

Respondent has submitted several letters of resignation which the Court has declined to accept. Respondent asks the Court to accept his physical and mental impairment as mitigation of his sanction. We decline to accept the assertions of impairment as mitigation in view of the serious misconduct committed and in light of respondent's failure to accept personal responsibility for his conduct. See Matter of McLellan, 305 S.C. 480, 409 S.E. (2d) 411 (1991); Matter of Bowers, 303 S.C. 282, 400 S.E. (2d) 134 (1991) and Matter of Bosserman, 298 S.C. 198, 379 S.E. (2d) 130 (1989). See also, Matter of Gibbes, — S.C. —, 450 S.E. (2d) 588 (1994); Matter of Boyle, 415 S.C. 578, 450 S.E. (2d) 578 (1994); Matter of Merry, 313 S.C. 384, 438 S.E. (2d) 232 (1993) and Matter of Ackerman, 313 S.C. 380, 438 S.E. (2d) 229 (1993).

Accordingly, we disbar respondent from the practice of law. This disbarment shall be retroactive to September 9, 1994, the date on which respondent was temporarily suspended. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Disbarred.