## 24390

In the Matter of David L. FLOYD, Respondent.

(468 S.E. (2d) 302)

Supreme Court

*John P. Freeman,* Columbia, *for respondent.*

*Charles Molony Condon, Attorney General,* and *James G. Bogle, Jr., Senior Assistant Attorney General,* Columbia, *for complainants.*

Heard Dec. 6, 1995.

Decided Mar. 18, 1996.

*Per Curiam:*

In this attorney discipline proceeding, respondent admitted misconduct regarding the matters described below. A hearing was conducted by a three-member panel solely on the issue of sanction. The panel recommended an indefinite suspension

with conditions for readmission. The Executive Committee, while adopting the panel's findings of fact and conclusion of law, recommended disbarment. We agree with the Executive Committee that the appropriate sanction is disbarment.

### The Morrell Matter

Respondent was closing attorney for the refinancing of two pieces of the Morrells' property. He failed to satisfy the original mortgages. When the Morrells began receiving late notices from the original lender, they notified respondent, who paid off the smaller of the two loans, amounting to $10,489.58. He did not pay the remaining loan of $31,472.90. Inquiries into respondent's trust account showed a negative balance of $200.26.

### The Mark McNair Matter

Respondent represented McNair in a Worker's Compensation case. He told McNair he could get between $13,000 and $14,000 on his claim by December 1993. In October 1994, respondent told McNair his secretary had run off with his money and asked McNair to go to the Fairfax Company to take out a loan which would be shared by McNair and respondent. McNair did this, borrowing $2,500 ($1,500 of which he then loaned to respondent) at an annual interest rate of 85%. McNair also executed an irrevocable assignment with Fairfax Company, assigning all of his interest in $3,793.81 (loan amount plus interest) from the benefits of his Worker's Compensation claim. He authorized respondent to disburse that amount from the proceeds of the Worker's Compensation claim.

Respondent then told McNair he was able to get $4,000 on his claim. However, McNair actually received only $3,000. McNair then changed attorneys. Respondent wrote a letter to McNair's new attorney stating he would execute a consent order if his "lien," which was nonexistent, were satisfied.

### The Vasco Smith Matter

Respondent represented Smith in a suit against the South Carolina Department of Corrections in federal district court. The defendants filed a motion to dismiss due to insufficient service. Included in an order regarding this motion were the following facts: respondent did not respond to the defendant's motion to dismiss at all; he failed to show he had properly served both the defendant and the Attorney General as re-

quired by the Federal Rules of Civil Procedure; thirty minutes before the motion hearing respondent's secretary informed the court he was hospitalized, such information turning out to be untrue; the court's attempts to reach respondent were unsuccessful. Smith obtained other counsel after attempting himself to locate respondent. His legal rights were thus protected.

### The Yvonne Beck Matter

Beck hired respondent to procure a divorce. Over one year later, Beck attempted to locate respondent and received a recorded message at his office stating it was closed until further notice. Respondent had previously told Beck pleadings had already been filed on her behalf. However, when she contacted the clerk's office she was informed there were no pleadings filed. She had to hire another attorney to obtain her divorce.

### The Danny and Daniel Faircloth Matter

The Faircloths (father and son) hired respondent concerning an insurance settlement. Respondent wrote letters to the insurance company and another party regarding the matter. The Faircloths attempted unsuccessfully to contact Respondent for four months regarding their case.

### The Marrs Matter

Mr. and Mrs. Marrs hired Respondent to obtain a divorce on April 19, 1994. Respondent told them he could obtain the divorce by the end of June 1994. When Mrs. Marrs attempted to contact Respondent in late May 1994, she was informed by a recording in his office it was closed until further notice.

### The King Matter

Respondent represented King in a lawsuit. When King's deposition was scheduled, he attempted unsuccessfully to locate respondent. In his complaint letter to the Board he stated respondent had "disappeared with no trace, along with my file."

### The Waters/Scarboro Matter

Respondent represented Waters (later named Scarboro) in a personal injury action. While this action was pending, Respondent induced her to borrow $7,000 for him from Fairfax Company, stating he needed the loan to support his litigation costs. Waters did this, executing an irrevocable assignment of

all rights in $10,622.64 (loan amount plus 85% annual interest rate) due her by way of her personal injury action. She authorized respondent to disburse that amount to the Fairfax Company from her legal proceeds. The actual litigation costs were only $267.75 because the case was settled.

The settlement amount was $28,950.18. After receiving the money, Respondent deducted $8,333.33 as his fee and informed Scarboro the rest of the money would remain in his escrow account until a related worker's compensation subrogation lien could be resolved.

A year later Waters consulted another attorney on an unrelated matter. She assured this attorney she could pay his fee because her settlement proceeds were still in respondent's escrow account. Her attorney attempted unsuccessfully to contact respondent. He later discovered respondent's trust account had a negative balance.

## CONCLUSION

From the above facts it is clear respondent has committed acts of serious misconduct. He has appropriated clients' funds to his own use, failed to deliver promptly to a client or third party funds that he or she was entitled to receive, and failed to render promptly a full accounting regarding property of the client or third person. Rule 1.15, Rule 407, SCACR. He has failed to provide competent representation to a client and to act with reasonable diligence and promptness in representing a client. Rule 1.3, Rule 407, SCACR. He has failed to keep clients reasonably informed about the status of a matter and to comply promptly with reasonable requests for information. Rule 1.4(a), Rule 407, SCACR. He has engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, all prejudicial to the administration of justice. Rule 8.4, Rule 407, SCACR. Finally, he has engaged in conduct tending to pollute the administration of justice and bring the legal profession into disrepute. His conduct demonstrates his unfitness to practice law and lack of professional competence. Rule 1.1, Rule 407, SCACR; Rule 413 § 5(E), SCACR.

Respondent has offered evidence that during the time these acts occurred he was suffering from mental depression. While we have allowed evidence of depression to mitigate misconduct, *see In the Matter of Weinberg*, 317 S.C. 300, 454 S.E. (2d)

316 (1995) (per curiam), we decline to do so here because of the serious nature of the misconduct, particularly regarding respondent's misappropriation of client funds and inducement of clients to borrow money for him. *See In the Matter of Hendricks*, 319 S.C. 465, 462 S.E. (2d) 286 (1995) (per curiam) (evidence of physical and mental impairment not accepted because of serious misconduct committed); *In the Matter of McLellan*, 305 S.C. 480, 482, 409 S.E. (2d) 411 (1991) (per curiam) ("Misappropriation of client funds must not be countenanced"); *In the Matter of Bowers*, 303 S.C. 282, 400 S.E. (2d) 134 (1991) (per curiam) (evidence that attorney was suffering from disease will not excuse conduct warranting disbarment).

Accordingly, we disbar respondent from the practice of law. This disbarment shall be retroactive to June 13, 1994, the date on which respondent was temporarily suspended. Within fifteen days of the date of this opinion respondent shall file an affidavit with the Clerk of Court showing he has complied with Paragraph 30 of Rule 413, SCACR.

Disbarred.