In the Matter of HARRY N. BORSHER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 26, 1983

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner, the Departmental Disciplinary Committee for the First Department, moves for an order confirming the findings of fact and conclusion of law of a hearing panel, directing that respondent's name be stricken from the roll of attorneys, and appointing an attorney to protect the interests of respondent's clients.

Respondent was admitted to practice on March 4, 1935 and has maintained an office in the First Department.

Several charges were brought against respondent, including the conversion to his own use of $50,000 from one client; misappropriation of $86,000 from a conservator; misrepresentation to a client of the whereabouts of an escrow fund; failure to return moneys received from a client; failure to comply with a money judgment against him; and conversion of $66,000 from an estate and failure

to return $10,000 to the estate in contravention of a court order. A hearing panel was convened on May 20, 1982 and June 24, 1982. Respondent neither appeared nor submitted an answer. The hearing panel found him in default, determined to reprimand him and recommended his disbarment.

Correspondence from respondent dated October 22, 1981 indicates that he is retired from practice and living in Florida. An earlier letter to the Grievance Committee, in response to an inquiry about one of the charges against him, states that he was receiving psychiatric treatment at the Veterans' Hospital in Oakland Park, Florida. An affidavit from an attorney with a New York City law firm from which respondent rented office space confirms that respondent abandoned all his files in the office and stopped paying rent. Although respondent authorized another attorney to obtain one of the files the law firm did not turn it over because of the rent arrearages. Now, however, the law firm is requesting that an attorney be appointed to inventory the files.

In light of both respondent's default and all the available proof, which indicates that he is guilty of serious professional misconduct and conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (4), DR 1-102 (A) (5), DR 1-102 (A) (6), DR 6-101 (A) (3), and DR 9-102 (B) (4), the petition should be granted in its entirety. Except for one letter about one of the charges, respondent has totally ignored the inquiry. Although he also stated he was receiving psychiatric help, he has offered no medical evidence, and no one has argued on his behalf that any mental disability has caused his problems. In such circumstances we have no choice but to disbar respondent and appoint an attorney to inventory his files.

SULLIVAN, J. P., ASCH, BLOOM, MILONAS and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York as indicated in the order of this court.