In the Matter of FREDERIC B. SOLOMON, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 3, 1987

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee (DDC) moves for an order pursuant to 22 NYCRR 603.4 (d), confirming the findings of its Hearing Panel, and adopting the recommendations of said Panel that respondent Frederic Solomon's application for reinstatement be denied and that he be disbarred forthwith.

Respondent Frederic B. Solomon was admitted to practice as an attorney and counselor-at-law in the Second Judicial Department on October 13, 1976. He has maintained an office in the First Judicial Department at all times relevant herein. By order dated June 3, 1982, and effective on July 2, 1982, this court suspended respondent from practice for two years for violating Code of Professional Responsibility DR 1-102 (A) (4). Respondent was found to have wrongfully converted funds by releasing for his use and the use of his client sums held by him in escrow, the release of which was not yet authorized. On December 17, 1984, respondent applied for reinstatement. In the course of investigating the merits of his application, allegations and evidentiary material indicative of theretofore undiscovered professional misconduct by respondent were brought to the DDC's attention. As a result, two new charges were brought by the DDC against respondent.

In its first charge the DDC alleged that respondent violated Code of Professional Responsibility DR 1-102 (A) (4) by engaging in conduct involving dishonesty, fraud, deceit and misrepresentation. Specifically, respondent while acting in February 1980 as the matrimonial attorney for Linda Kohl was said to have received from her a check drawn in the amount of $21,673, reflecting her share of her former husband's interest in an employment retirement plan. Respondent had advised Ms. Kohl not to negotiate the check pending the resolution of legal measures to increase the amount of her share in the retirement plan. Rather than deposit the check proceeds in an escrow account as he represented he would, respondent allegedly negotiated the check and unlawfully converted the funds to his own use. Notwithstanding his failure to escrow the proceeds of the check, respondent, by letter dated April 19, 1982, is said to have requested that Ms. Kohl authorize disbursement of some of the purportedly escrowed funds. By

summons and complaint, dated July 15, 1984, Ms. Kohl commenced an action against respondent to recover the allegedly converted funds. Respondent interposed a verified answer and counterclaim on October 4, 1984 and, on January 7, 1985, executed an affidavit in the action. On January 7, 1985, respondent also executed a questionnaire with regard to his effort to seek reinstatement. On that questionnaire was the following inquiry: "25. Since the date of your resignation, suspension or disbarment have you (or any corporation in which you are a principal) been involved in any civil matter as either a party or as counsel to a party? (If yes, set forth all matters with specificity)." Respondent failed to make any mention of the then pending *Kohl* action.

In its second charge against respondent, the DDC alleged that he failed to preserve the identity of clients' funds and property in violation of Code of Professional Responsibility DR 9-102 (A). On June 21, 1982, respondent was said to have deposited $65,000 of his personal funds in an account titled "Frederic Solomon Atty At Law Escrow Account". Thereafter, he was alleged to have made withdrawals from the account for personal obligations.

The notice of charges, dated April 25, 1985, which, it must be noted, was properly served on respondent, was returnable on May 23, 1985. Respondent, however, requested several adjournments and it was not until May 15, 1986 that he finally appeared before the DDC Hearing Panel. At that time, he requested a further adjournment of six months to obtain counsel. The adjournment was granted, but only until July 24, 1986 and with the understanding that no more adjournments would be granted. On the adjourned date, respondent failed to appear. When he was contacted by phone, he stated, without further explanation, that he would not attend. The hearing then proceeded without him.

At the hearing, testimony was taken from Joseph Rosenberg, formerly a member of the staff of the DDC, whose investigation led to the charges against respondent; Linda Kohl, respondent's former client whose funds respondent was accused of converting; and Linda Kohl's attorney Howard Pobiner. Their testimony substantiated the allegations against respondent in all material respects and was supported by extensive documentary evidence conclusively demonstrating respondent's commission of the charged misconduct.

As to the first charge, the uncontradicted testimony of Ms.

Kohl established that on February 6, 1980, she received a check from Manufacturers Hanover Trust Company drawn to her in the amount of $21,673. The check represented Ms. Kohl's share of her former husband's interest in his retirement plan. As the amount to which Ms. Kohl was entitled was disputed in the context of the pending matrimonial action, she did not deposit the check. In December 1980, however, Ms. Kohl was informed by the bank that unless the check was negotiated it would become stale. At respondent's urging, Ms. Kohl entrusted the check to him for deposit in his escrow account. The check, indorsed by Ms. Kohl, to "Frederic Solomon, Atty." was negotiated by respondent. The proceeds, however, were never placed in escrow but were used by respondent for his personal expenses. Ms. Kohl testified that respondent admitted to her in the fall of 1982 that he had used her funds to satisfy his personal debts.

Respondent's conversion of the purportedly escrowed funds notwithstanding, he, by letter dated April 19, 1982, a copy of which was entered in evidence, represented to Ms. Kohl that the check proceeds were in fact still escrowed and requested permission to make a disbursement therefrom.

As noted above, when in July 1984 the check proceeds were still not restored to Ms. Kohl despite her repeated requests, she commenced a civil action alleging that respondent had converted the funds. The pendency of the action as of January 7, 1985 was irrefutably established by the admission into evidence, upon a foundation duly laid by the testimony of Howard Pobiner, of a copy of a sworn, notarized affidavit signed by respondent on January 7, 1985. The affidavit bears the caption *Linda Kohl v Frederic Solomon,* Index No. 13865/85, New York State Supreme Court, Westchester County. The very same day respondent executed this affidavit, he executed his reinstatement questionnaire and in response to a specific inquiry *(see, supra),* failed to acknowledge the existence of the *Kohl* action.

Regarding the second charge, Joseph Rosenberg testified that respondent indicated to him in a telephone conversation that a $65,000 deposit to his, respondent's, escrow account on June 21, 1981 represented personal funds. The substance of Mr. Rosenberg's phone conversation with respondent is confirmed in a letter to respondent from Rosenberg, dated April 22, 1985, requesting further explanation. The letter was not answered and no further explanation of the deposit or the

subsequent withdrawals from the escrow account was provided by respondent.

A copy of the hearing transcript and evidentiary exhibits was sent to respondent who, despite his voluntary absence from the hearing, was given 10 days to reply. When no reply was received, the Hearing Panel proceeded to sustain the charges against respondent in their entirety and to recommend his disbarment.

The factual findings and conclusions of law of the Hearing Panel, supported as they are by overwhelming and entirely uncontradicted evidence, must be confirmed by this court. Respondent's guilt of converting his client's funds would itself warrant disbarment *(Matter of Marks,* 72 AD2d 399 [1st Dept 1980]; *Matter of Nadel,* 85 AD2d 8 [1st Dept 1982]; *Matter of Warfman,* 91 AD2d 356 [1st Dept 1983]; *Matter of Borsher,* 93 AD2d 322 [1st Dept 1983]; *Matter of Hodes,* 97 AD2d 308 [1st Dept 1983]; *Matter of Pinello,* 100 AD2d 64 [1st Dept 1984]; *Matter of Levine,* 101 AD2d 49 [1st Dept 1984]; *Matter of Dicker,* 102 AD2d 163 [1st Dept 1984]; *Matter of Pressment,* 118 AD2d 270 [1st Dept 1986]), but when his conversion is viewed in the context of the other sustained charges, disbarment becomes not merely an appropriate, but a necessary sanction. Respondent has not simply taken money entrusted to him to be escrowed, and appropriated it to his own uses, he has willfully misrepresented to his client the existence of the purportedly escrowed funds, and has deliberately sought to conceal his misconduct from the DDC by failing to disclose the pendency of the *Kohl* action. He has, in addition, been found guilty of commingling by virtue of his deposit of some $65,000 of admittedly personal funds in an escrow account. As noted above, respondent has once before been found guilty of serious misconduct regarding funds with which he was entrusted *(Matter of Solomon,* 87 AD2d 137 [1st Dept 1982]). The pattern which emerges is one of repeated failure by respondent to abide by the most fundamental ethical precepts when entrusted in his professional capacity with the funds of others. Clearly, the public is entitled to be protected from one who would so abuse the trust placed in him as an attorney.

Accordingly, petitioner's motion for confirmation of the findings of fact and conclusions of law of the Hearing Panel should be granted and respondent should be disbarred effective immediately, with the direction that his name be stricken from the roll of attorneys and counselors-at-law. Respondent's

application for reinstatement pending before this court since December 17, 1984 should, in light of the foregoing, be denied.

MURPHY, P. J., ROSS, ASCH, FEIN and MILONAS, JJ., concur.

Application for confirmation of findings of fact and conclusions of law granted, respondent's application for reinstatement denied, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.