### 23008
In the Matter of Karl Alex BOSSERMAN, Jr., Respondent.
(379 S. E. (2d) 130)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. James G. Bogle, Jr.,* and *J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Karl Alex Bosserman, Jr., pro se.*

Submitted March 27, 1989.

Decided April 24, 1989.

*Per Curiam:*

In this attorney grievance proceeding, respondent has been charged with numerous acts of misconduct. Respondent admits the material allegations against him and consents to disbarment. We accept respondent's admission and disbar him. The facts alleged by the complaint are as follows:

### Mazzell Matter

In March 1987, Paul Mazzell retained respondent to represent him in post-conviction relief proceedings. Respondent requested and received a $3,500.00 retainer fee, plus an additional $5,000.000 to associate another attorney on the case. The fees were paid by Mazzell's sister, Hilma Duncan.

Mazzell and Duncan attempted to contact respondent on numerous occasions regarding the status of the case. Respondent failed to return many of their phone calls and failed to respond to several requests that respondent withdraw from the case. He finally responded to Duncan's June 2, 1987, letter requesting the return of file material and fees.

Respondent failed to return the fees and returned only part of the client's property. Respondent converted the fees to his own personal use, which included the purchase of alcohol and cocaine. Respondent never filed any pleadings for Mazzell and failed to assist him in any other way. Further, he contacted the associated counsel about the case on only one occasion.

### Rowell Matter

In June, 1986, C. E. Rowell, a builder in Horry County, South Carolina, retained respondent to represent him in his claim for the balance of fees due on a house he had built. Rowell requested respondent to file a mechanic's lien and file suit against the homeowners and their lending institution. Respondent filed a Notice and Statement of Mechanic's Lien which was deficient due to his failure to attach necessary documentation.

In September, 1986, respondent filed a *lis pendens* against the property in question, and a summons and complaint against the homeowners and the lending institution. In November or December, 1986, the defendants' attorney conferred with respondent about dismissing the lending institution from the lawsuit. Without consulting Rowell, respondent consented to this arrangement and an Order of Dismissal was filed. In October, 1987, respondent negotiated a settlement of the lawsuit with the defendants' attorney. Respondent indicated that he had conferred with Rowell and that Rowell had agreed to settle, when in fact, respondent had never discussed this with Rowell.

Respondent never informed Rowell that the case had been settled. Rowell learned of this in January, 1988, when his wife visited the Horry County Clerk of Court's office and discovered that the lawsuit had been settled. Rowell received no money from settlement of the case, and respondent failed to return any of the fees he had collected from Rowell.

### Chatham Matter

Michael Chatham retained respondent to serve as closing attorney for the purchase of business property in North Myrtle Beach, South Carolina. Respondent agreed to handle the closing for a fee of $3,500.00. After the closing was held, Chatham made repeated requests for a copy of the closing statement and the balance of funds being held by respondent. Chatham finally received a settlement statement reflecting an $8,916.75 charge for attorney's fees and costs rather than the $3,500.00 to which he had previously agreed. He also received from respondent a check for $17,431.37, which purportedly was Chatham's share of the balance of funds.

On or about August 5, 1987, Chatham filed a complaint about the fee with the Resolution of Fee Disputes Board of the South Carolina Bar. Chatham and respondent eventually agreed that Chatham would be able to negotiate the $17,431.37 check while the balance of the settlement funds in dispute would be deposited by respondent in his attorney's trust account until the fee dispute was resolved. Respondent never made this deposit.

On December 16, 1987, Chatham deposited the $17,431.37 check in his bank account. On December 17, 1987, the National Bank of South Carolina failed to honor the check because respondent had placed a stop payment order on the check on August 19, 1987. Respondent diverted the $17,431.37 and other fees in dispute to his purchase of alcoholic beverages and cocaine.

### Johnson Matter

Austin Johnson retained respondent to do title work on residential property he was purchasing. On February 26, 1986, respondent transmitted a recorded deed to Johnson, but he had failed to do a title search on the property. Johnson was later notified that back taxes in the amount of $210.68 were due on the residence. Additionally, Johnson discovered that numerous tax liens and judgments had been filed against the seller and remained unsatisfied at the time the property was sold to Johnson. Johnson has attempted to sell the residence but has been unsuccessful due to the outstanding liens on the property.

### Dalton Matter

Respondent served as closing attorney in a 1986 real estate transaction involving the purchase of a residence by Joseph and Frances Dalton. Respondent retained $831.16 paid at the closing for 1985 property taxes; however, he never made the tax payment. After being notified that the property taxes were still outstanding, the Daltons attempted to locate respondent to obtain an explanation, but they were unable to find him.

### Kennedy Matter

Respondent served as closing attorney in the 1986 purchase of a condominium by John and Sue Kennedy. Respondent had certified that all taxes and special assessments, due and payable on the date of the closing, had been paid. Respondent also received funds for payment to other third parties. Respondent neither paid the past due taxes nor the amounts due other third parties. Respondent has not reimbursed the Kennedys for their payment on the past due taxes.

### Griffiths Matter

On March 11, 1988, respondent was suspended from the practice of law for failure to pay his 1988 license fee. Respondent has remained under suspension since that time. During June, 1988, respondent agreed to represent Jo Ann Griffiths in a domestic action. On or about August 19, 1988, Griffiths discovered that the pleadings for her action had been neither filed nor served. She discharged respondent and demanded return of the funds she had submitted for attorney fees and costs. Respondent eventually returned Griffiths' funds.

### Reid Matter

While under suspension from the practice of law, respondent represented Don Reid in litigation before an Horry County magistrate. He prepared pleadings and appeared before the magistrate on two separate occasions.

### Alcohol and Cocaine Addiction

From 1986 to present, respondent has been addicted to alcohol and cocaine. This addiction has adversely affected his representation of clients during this period of time.

### Misappropriation of Clients' Funds

From 1979 through September, 1987, respondent misappropriated clients' funds to cover office expenses, personal living expenses, child support payments, and ultimately, alcohol and cocaine purchases. This diversion of funds occurred in matters in addition to those set forth above.

Respondent has neglected legal matters entrusted to him in violation of DR 6-101(A)(3); failed to carry out contracts of employment in violation of DR 7-101(A)(2); failed to pay settlement funds in his custody to the proper parties in violation of DR 1-102(A)(4); charged excessive fees to clients in violation of DR 2-106(A); misappropriated clients' funds to his own use and to illegal uses in violation of DR 1-102(A)(3) and (4); failed to preserve the identity of his clients' funds in violation of DR 9-102(A); practiced law while under suspension in violation of DR 1-102(A)(3) and (4); failed to return to his clients, when requested, funds in his possession which the clients were entitled to receive, in violation of DR 9-102(B)(4); engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(5); and engaged in conduct which adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6). In our opinion, this pattern of misconduct shows that respondent is unfit to practice law and clearly warrants his disbarment.

It is therefore ordered that respondent be disbarred from the practice of law in this State. Respondent shall file an affidavit with the Clerk, within fifteen (15) days of service of this opinion, showing he has fully complied with the provisions of Paragraph 30 of the Rule on Disciplinary Procedure.

Disbarred.