[618 NYS2d 269]

In the Matter of WILLIAM C. ISRAEL (Admitted as WILLIAM CARLTON ISRAEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 3, 1994

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*William C. Israel,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law at the First

Judicial Department in 1986, under the name William Carlton Israel, and has maintained an office for such practice within this Department at all relevant times since then. He has been charged with 10 instances of professional misconduct, arising out of his representations of clients in four criminal proceedings and two civil matters.

Between September 1989 and November 1991, respondent was assigned to represent four different criminal defendants on their appeals to the Appellate Division, Second Department, under that Court's appellate assigned counsel program (County Law art 18-B). On each of these cases, respondent took no action to perfect or withdraw the appeals, did not apply to be relieved as counsel, and ignored requests from the Clerk of the Court regarding the status of the appeal, even after referral to the Departmental Disciplinary Committee was threatened. The Second Department issued orders between July 1991 and September 1992, relieving respondent of his representation in all four cases. Respondent was charged in each of these cases with neglecting a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]), and cumulatively with one count of conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (former [7]) (now DR 1-102 [A] [8]; 22 NYCRR 1200.3 [a] [8]).

During the disciplinary hearings on these matters, respondent claimed that he had spoken by telephone with the Chief Clerk of the Second Department concerning one of these cases, a statement which was directly contradicted in testimony by the Clerk himself. When asked to verify these telephone contacts, respondent first testified that the file had been lost when his office was vandalized (an act which, it was later shown, had taken place well before his assignment in that case), then testified that the file was lost in an office fire (which, it was later shown, had occurred after his files were subpoenaed by the Committee). Respondent produced as a witness the former client in this case, whose testimony was of no help to the defense. In fact, it was obvious from the testimony that the client did not even appreciate the significance of these proceedings, apparently having been led to believe instead that the hearing concerned the substance of his own criminal appeal.

In the two civil matters, respondent was charged again with neglecting legal matters entrusted to him; handling a legal matter incompetently and without adequate preparation, in

violation of DR 6-101 (A) (2) (22 NYCRR 1200.30 [a] [2]); engaging in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]); and failing to carry out a contract of employment, in violation of DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]). In the first case, respondent's considerable delay, due in part to his own procedural irregularities, resulted in no action for a matrimonial client. When the client sued him in Small Claims Court for return of the $1,300 retainer fee, respondent thrice moved for dismissal of the action, only to default each time on his own motions. These motions were clearly designed to harass his client, and the second and third motions were brought after the Administrative Judge of the Civil Court had specifically cautioned respondent not to bring such a motion without prior approval of the court. Execution of the client's Small Claims judgment was frustrated when respondent withdrew all his funds from his account on the eve of service of a bank levy.

In the second civil matter, respondent procrastinated in pursuing a simple proceeding to obtain a name change. He offered as an excuse the suggestion that the client had not paid him in full, despite the introduction of his handwritten receipt indicating that the fee had been "paid in full" in advance. Respondent told the Hearing Panel that he had written to his client about this "mistake" on the receipt, but was unable to produce a copy of such letter, again offering as an excuse the fire which had destroyed his files, even though the Committee's subpoena of his records had predated the fire.

The evidence was more than ample to sustain each of the 10 charges. Respondent's defense was noteworthy by its absence of contrition and a dearth of evidence in mitigation, and his testimony was marked by a general lack of candor and several instances of outright falsehood. In light of these aggravating factors, the recommended sanction of suspension is appropriate and warranted, despite the absence of a prior disciplinary record (cf., *Matter of Siegel*, 193 AD2d 181; *Matter of Rabinowitz*, 189 AD2d 402, *lv denied* 82 NY2d 653). Accordingly, the Hearing Panel's report should be confirmed; respondent should be suspended from the practice of law for a period of three years, and until further proceedings in accordance with the rules of this Court (22 NYCRR 603.14).

SULLIVAN, J. P., CARRO, WALLACH, WILLIAMS and TOM, JJ., concur.

Application granted, the Hearing Panel's report confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, effective December 5, 1994, and until the further order of this Court.