24288

In the Matter of Anthony A. GARCIA, Respondent.

(460 S.E. (2d) 397)

Supreme Court

*Atty. Gen. Charles M. Condon* and *Deputy Atty. Gen. J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Anthony A. Garcia, pro se.*

Heard Feb. 21, 1995.

Decided July 24, 1995.

*Per Curiam:*

This attorney grievance matter comes before us as a Rule to Show Cause and complaint alleging misconduct against Respondent Anthony Garcia. We disbar.

Respondent was temporarily suspended from the practice of law by order dated November 18, 1994. Respondent was ordered to appear before this Court on February 21, 1995, to show why he should not be disciplined under Rule 413, SCACR and to show cause why he should not be held in contempt for failing to deliver client files and comply with the requirements of Paragraph 30 of Rule 413, SCACR. Respondent did not appear at the hearing.

Respondent has established a pattern of neglecting matters entrusted to him, wrongfully retaining client funds and failing to cooperate with the Supreme Court and the Board. Furthermore, he has shown no indication of making amends to clients nor any desire to continue practicing law in South Carolina.[1] Respondent has failed to respond to the complaint filed against him. Rule 413, ¶ 13(B), SCACR. Accordingly, the charges are deemed admitted. Rule 413, ¶ 13(C), SCACR. The admitted factual allegations in the complaint fully support the conclusion that Respondent has engaged in misconduct by violating the Rules of Professional Conduct and Disciplinary Procedure. Rule 407 and 413, SCACR.

This Court has the sole authority to discipline attorneys and to decide the appropriates sanction. *Matter of Solomon*, 307 S.C. 1, 413 S.E. (2d) 808 (1992). We find disbarment to be the appropriate sanction.[2] Accordingly, Respondent is disbarred from the practice of law, commencing with the date of this opinion. Within fifteen (15) days of the date of this opinion, Garcia shall file an affidavit with the

---

[1] Respondent submitted a letter of resignation from the South Carolina Bar in July 1994.

[2] We find Respondent in contempt but impose no separate sanction since the admitted factual allegations support a sanction of disbarment.

Clerk of Court showing compliance with Paragraph 30 of Rule 413, SCACR.

Disbarred.