24339

In the Matter of Arthur T. MEEDER, Respondent.

(463 S.E. (2d) (312)

Supreme Court

*Attorney General Charles Molony Condon* and *Senior Assistant Attorney General James G. Bogle, Jr.,* Columbia, *for complainant.*

*Arthur T. Meeder,* Hilton Head, *pro se.*

Submitted Sept. 26, 1995.

Decided Oct. 30, 1995.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to an eleven-month suspension from the practice of law in this State. We accept respondent's admission and suspend him from practicing law in this State for eleven months.

The ethical violations committed by respondent arise from five matters he handled in his capacity as an attorney. The facts are as follows:

## Coar Matter

Respondent was retained by the Coars in 1988 to pursue civil litigation against Orkin Exterminating and Prudential Insurance Company. However, respondent admits that he failed to timely pursue these matters, and neglected them from 1988 through 1993. Respondent admits that during that time, he made misleading statements to the Coars as to the true status of the matters, including statements which caused them to believe that the cases were being actively pursued when, in fact, they were being neglected. Respondent also admits that during that time, he filed a summons and complaint with the Beaufort County Clerk of Court relative to the Prudential matter, but failed to serve or file a copy with the South Carolina Insurance Commission as required. The Coars retained new counsel who, by telephone and facsimile, requested that respondent return the files in these matters to the Coars. Respondent admits that he did not respond to those requests, nor did he return the files in a timely manner.

Respondent admits that he also forged Mr. Coar's signature on an Application for Certificate of Title/Registration, a Certificate of Title, an Affidavit of Sale of Vehicle, a vehicle registration card, and a tax form all relative to a 1977 Chevrolet van. Respondent admits that he then had the signatures on all but the vehicle registration card and the tax form notarized outside Coar's presence, and either filed the documents with the appropriated agency or placed the documents into public commerce thereafter.

## Munro Matter

Respondent was retained in September or October 1993 by Munro to prepare and submit articles of incorporation and to acquire a federal tax identification number for her new business. Munro paid respondent $450.00. Respondent admits that he neglected this matter for a year before filing the necessary documents with the Secretary of State. Respondent admits that during that same time, he failed to adequately or effectively communicate with Munro. Respondent admits that he misplaced the documents received from the Secretary of State and did not provide Munro with such documents until October 27, 1994, and at that time had still not acquired a federal tax identification number.

## Rapp Matter

Respondent was retained by Rapp in October 1993 to pursue civil litigation with regard to damages sustained to his boat. Rapp paid respondent $500.00. Respondent admits that he neglected this matter until August 1994 when the file was transferred to Rapp's new counsel. Respondent also admits that from October 1993 until August 1994, he failed to adequately or effectively communicate with Rapp. Respondent did refund the $500.00 retainer fee paid by Rapp; however, the refund was made, and the file transferred to Rapp's new attorney, only after a demand letter was sent to respondent's home. Rapp had to pay $35.00 for the courier to deliver the demand letter requesting the file. In addition, the refund check was made payable to Rapp's new counsel instead of Rapp.

## Bruno Matter

Respondent was retained by Bruno in April 1993 to pursue civil litigation in relation to a homebuilders dispute. Respondent admits that Bruno paid him a $1,000.00 retainer, as well as $20,520.00 for the purpose of establishing a "good faith" escrow account suggested by respondent to encourage the builder to finish his work on the home. Respondent admits that he failed to take any action in this matter. However, respondent admits that he drew upon the escrow funds, which were deposited in a trust account, for attorney fees. Respondent admits that he did not have a written agreement or other authorization from Bruno to do so. Respondent admits that he also failed to adequately or effectively communicate with Bruno. Respondent has, however, returned the client file to Bruno, along with all the monies, and has submitted to Bruno a bill for the services respondent performed. The refund to Bruno was made without the use of trust account funds or client funds of any other type.

## Parrot Matter

Respondent was retained by Parrot during 1991 to pursue an action against an insurance company. Thereafter, he was also retained by Parrott to pursue an action against the insurance company for attorney fees in regard to the first action. However, respondent admits that he neglected the matter regarding the suit for attorney fees and failed to adequately or effectively communicate with Parrott.

*Failure to Cooperate*

Respondent admits that he either failed to respond or did not timely respond to letters and requests from the Board of Commissioners on Grievances and Discipline during the investigation of these matters.

*Conclusion*

The foregoing conduct constitutes misconduct in violation of Paragraph 5 of the Rule on Disciplinary Conduct, Rule 413, SCACR, and Rule 8.4(a) of the Rule of Professional Conduct, Rule 407, SCACR. More specifically, respondent has failed to exercise the degree of competence and diligence demanded by Rules 1.1 and 1.3 of the Rules of Professional Conduct. Respondent also failed to communicate with his clients in violation of Rule 1.4. In addition, respondent has violated Rule 1.15 by failing to maintain the integrity of client funds and failing to deliver client funds. By failing to surrender client files and refunds upon termination of his representation, respondent violated Rule 1.16(d). Respondent has violated Rule 8.1 by failing to respond to inquiries made by the Board of Commissioners on Grievance and Discipline. Finally, respondent has engaged in professional conduct involving dishonesty, fraud, deceit and misrepresentation in violation of Rule 8.4(d).

It is therefore ordered that respondent shall be suspended from the practice of law in this State for eleven (11) months, effective immediately. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.