24349

In the Matter of Gary T. RING, Respondent.

(464 S.E. (2d) 328)

Supreme Court

*Attorney General Charles M. Condon* and *Assistant Deputy Attorney General J. Emory Smith, Jr.*, Columbia, *for complainant.*

*Gary T. Ring, pro se.*

Heard Nov. 14, 1995.

Decided Nov. 15, 1995.

*Per Curiam:*

In this attorney grievance matter, the Executive Committee recommended that respondent be disbarred from the practice of law. We agree with the findings of misconduct and disbar respondent from the practice of law.

Respondent's license was suspended for failure to pay his South Carolina Bar dues on February 13, 1995. A Complaint

and two supplemental Complaints were filed against respondent asserting several instances of misconduct. Respondent was temporarily suspended from the practice of law on June 28, 1995. During the Attorney General's investigation of the complaints, respondent moved from the Greenville area to Florida. Respondent was arrested for Driving Under the Influence and was incarcerated in the Broward County, Florida jail. He was personally served while in jail with the Rule to Show Cause, Petition for Temporary Suspension, Notice and Complaint, and Rule to Show Cause for failure to pay Bar dues. Because respondent was incarcerated at the time set for the original hearing, it was rescheduled. He was personally served in jail with the notice of the rescheduled hearing and other documents. Respondent did not respond to any of the Complaints or notices and did not appear at the Rule to Show Cause Hearing.

Respondent has not filed an answer to the Complaints nor has he requested additional time. Therefore, the charges against him are deemed admitted. Section 13(C), Rule 413, SCACR. Respondent is in default as to all issues alleged in the three Complaints filed. A hearing was unnecessary since respondent failed to file an Answer or request to be heard in mitigation. Section 12(B), Rule 413, SCACR.

Respondent has committed the following acts of misconduct:

### Hamby Matter
Respondent settled a case for Ms. Hamby for $25,000, but without the authorization of Mr. or Mrs. Hamby. Respondent forged the signature of the Hambys to the check. He gave the Hambys $18,000. $2,592.05 of the balance was to be used to pay medical providers. Respondent did not pay the providers and Ms. Hamby has been unable to reach respondent or have him return her phone calls. Respondent in an attempt to deceive Ms. Hamby gave her copies of several checks as proof of payments to the providers; however none of the checks have cleared his account and he has not paid the providers. Respondent's trust account balance is zero. He has misappropriated $2,592.05 to his own use.

### Callahan Matter
Respondent settled a personal injury matter for Mr. Calla-

han in December 1994 for $18,750. He was to hold in trust $5,401.40 until all medical bills had been paid by Mr. Callahan's insurer at which time the funds were to be released to him. The Callahans informed respondent on March 15, 1995, that all medical bills had been paid and they wanted the matter closed. The Callahans have not received any response from respondent despite their repeated efforts to reach him and they have not received any of the money. Respondent has missapropriated $5,401.40 to his own use.

### Byrd Matter

Ms. Byrd terminated respondent's services in October 1994. Respondent promised the Board of Commissioners on Grievances and Discipline (the Board) on November 22, 1994, that he would promptly return Ms. Byrd's files. However, he did not do so until around February 1, 1995. Ms. Byrd's new attorney and Ms. Byrd have repeatedly asked respondent to provide documentation that he had been released. Respondent has never replied to either Ms. Byrd or her attorney.

### Garey Matter

Respondent settled a case for Ms. Garey in April 1994 for $9,000. He forged her name on the check and deposited $8,980 into his joint personal account. He gave Ms. Garey a check for $4,195. Respondent was entitled to take a third of the settlement for attorney's fees. The remainder was to be used to pay medical expenses, some of which may have been paid. Respondent has failed to pay at least $395 for a particular medical bill and it is believed that he has misappropriated this amount. Ms. Garey has been unable to reach respondent and has had difficulty resolving with him the payment of the other medical bills.

### Stevenson Matter

Respondent undertook representation of Ms. Stevenson in a personal injury matter. She gave him $90 for filings fees or other expenses. The Stevensons have not heard from respondent. To the Stevensons' knowledge respondent has not filed a suit nor settled the claim. They have been unable to obtain a letter from respondent releasing them as clients and the file which includes Ms. Stevenson's medical records.

*Failure to Cooperate/Abandonment/Improper*
*Withdrawal/Bad Check*

The Board has made several attempts to contact respondent at various addresses and by telephone, but to no avail. A Special Investigator with the Board, Mr. Tansil, located respondent in Florida. Respondent agreed to meet Mr. Tansil in Greenville to discuss the Complaints. Mr. Tansil also planned to serve respondent with a subpeona for client files and financial records. Respondent did not show up and did not contact Mr. Tansil to explain his absence. Respondent gave his former landlady a check for rent drawn on insufficient funds and owes her $300. Respondent has not informed clients of his move to Florida and has not returned files and monies due them. The Florida Bar has been unsuccessful in obtaining client files from respondent.

Respondent has violated the Rules of Professional Conduct, Rule 407, SCACR, the Rules on Disciplinary Procedure, Rule 413, SCACR, and the Oath of Office. Respondent has appropriated client's funds to his own use; failed to deliver promptly to a client or third party, funds that the client or third party was entitled to receive; failed to render promptly a full accounting regarding property of the client or third party; engaged in conduct involving dishonesty, fraud, deceit and misrepresentation; failed to act with reasonable diligence and promptness in representing a client; failed to keep a client reasonably informed about the status of a matter and comply promptly with reasonable requests for information; terminated representation without taking steps to protect client interests, including but not limited to failing to give notice, failing to return papers, property and money; failed to cooperate with investigations of the Board; engaged in conduct that is prejudicial to the administration of justice; engaged in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute and engaged in conduct demonstrating unfitness to practice law.

Given the seriousness of the misconduct deemed admitted and his failure to cooperate, respondent's conduct warrants disbarment. *See Matter of Hall,* 318 S.C. 21, 455 S.E. (2d) 696 (1995); *Matter of Gibbes,* — S.C. —, 450 S.E. (2d) 588 (1994); *Matter of Ackerman,* 313 S.C. 318, 438 S.E. (2d) 229 (1993); *Matter of Bosserman,* 298 S.C. 198, 379 S.E. (2d) 130

(1989) (disbarred for misappropriation of funds and other matters). *See also Matter of Garcia,* — S.C. —, 460 S.E. (2d) 397 (1995) (disbarred for multiple acts of misconduct including failure to respond to the Board and the Court and lack of indication of desire to continue to practice law in this State).

Accordingly, we disbar respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall return his certificate of admission to practice law and file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR. Further, we hold respondent in contempt for failure to return client files to the Board in compliance with the order of June 28, 1995, and failure to file an affidavit of compliance pursuant to Paragraph 30, Rule 413, SCACR.

Disbarred.