484 S.E.2d 466

**In the Matter of Joseph P. MIZZELL, Jr., Respondent.**

**No. 24597.**

Supreme Court of South Carolina.

Submitted Feb. 24, 1997.

Decided April 7, 1997.

Rehearing Denied May 9, 1997.

64

Desa A. Ballard, Charleston, for respondent.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., Columbia, for complainant.

PER CURIAM:

In this attorney disciplinary matter, respondent admits he has committed misconduct and consents to a suspension of up to two years. We accept respondent's admissions and suspend him from the practice of law for two years.

*Bank Accounts*

Respondent wrote a check for $525.20 to Bell's Automatic Transmission in February 1996. The check was drawn on a joint personal account that had been closed. An arrest warrant was served upon respondent for issuing the fraudulent check, but the charge was dismissed after respondent paid his bill at the transmission shop.

In addition, respondent's law office and escrow bank accounts were overdrawn several times in January 1996. Re-

spondent states that no clients were deprived of funds and he did not convert any client funds to personal use.

## The Bruce Matter

The South Carolina Bar administratively suspended respondent from the practice of law on February 14, 1996, for nonpayment of license fees. He also was administratively suspended on May 6, 1996, for failure to comply with continuing legal education requirements. Respondent closed his Orangeburg law office in September 1996.

While his license was suspended, respondent accepted $500 in April 1996 to represent John Bruce at a bond reduction hearing. Respondent asked a judge to reduce Mr. Bruce's bond in May 1996. Respondent states he did not know his license had been administratively suspended because he failed to retrieve his mail in a timely fashion. Respondent subsequently paid overdue license fees and fulfilled his continuing legal education requirements for 1995.

## The Williams Matter

Respondent accepted a $250 retainer in August 1995 from Louise Williams to represent her in a contractual dispute related to construction on a house. Respondent wrote the contractor several letters between August and mid-October 1995, but did little or no work on the matter after that date despite numerous telephone calls from Ms. Williams' daughter, who had her mother's power of attorney.

In February 1996, Ms. Williams asked respondent to release her file and refund part of her retainer. Respondent failed to keep three appointments with Ms. Williams in March 1996 to release her file, and did not release the file until it was subpoenaed in July 1996 for the purpose of the disciplinary proceedings. Respondent has agreed to refund the retainer paid by Ms. Williams and asserts that the delay did not prejudice her rights.

## The Howell Matter

Respondent accepted $800 from Bennie Lee Howell and his employer during the last six months of 1994 to represent Mr. Howell in a post-conviction relief (PCR) action. Mr. Howell's

prior attorney had filed the PCR application and the State filed a return in October 1994. Respondent took no action on Mr. Howell's behalf other than requesting a continuance in January 1995.

Respondent ignored efforts by Mr. Howell and his family to reach him, and did not inform Mr. Howell that he had been suspended from the practice of law. Mr. Howell's case was still pending when disciplinary proceedings against respondent were instituted in August 1996. Respondent has agreed to refund the fees paid by Mr. Howell and his employer.

## The Rivers Matter

Respondent accepted $5,000 from Eugene Rivers' mother in August 1994 to represent Mr. Rivers in a PCR action. A circuit judge signed an order granting Mr. Rivers a new trial in September 1995, but the order was not filed until June 1996 due to respondent's failure to file it or inquire into its filing. Respondent did not notify his client the order had been filed, or that respondent had been suspended from the practice of law. Mr. Rivers disputed the amount of the fee before the Bar's Fee Dispute Resolution Committee, which found that respondent had fully earned the fee.

## Conclusion

By his conduct, respondent violated the Rules of Professional Conduct contained in Rule 407, SCACR. He failed to properly safeguard clients' property, failed to promptly deliver funds owed to a clients or third persons, and failed to promptly render a full accounting regarding the property of clients or third persons. Rule 1.15. Respondent engaged in acts and conduct involving moral turpitude that reflect adversely upon his honesty, trustworthiness, and fitness as a lawyer. He acted in a dishonest and fraudulent manner, and engaged in conduct prejudicial to the administration of justice. Rule 8.4(b), (c), (d), and (e).

In addition, respondent failed to represent his clients competently. Rule 1.1. He failed to act with reasonable diligence in representing his clients, failed to keep clients reasonably informed about the status of matters, and failed to promptly comply with reasonable requests for information. Rules 1.3 and 1.4(a). He practiced law while under suspension and

failed to inform clients of his suspension. Finally, respondent failed to cooperate with an investigation by the Board of Commissioners on Grievances and Discipline by not responding to two letters inquiring into the above matters. *See In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

We find that respondent's conduct warrants a definite suspension of two years from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.