[655 NYS2d 538]

In the Matter of WILLIAM C. ISRAEL (Admitted as WILLIAM CARLTON ISRAEL), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 10, 1997

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*William C. Israel,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Admitted at the Appellate Division, First Department, in

1986 as William Carlton Israel, respondent was suspended from the practice of law for three years by this Court on November 3, 1994, for various acts of professional misconduct, incompetence and neglect (205 AD2d 101). Since December 5, 1994, the effective date of his suspension, respondent has failed to file an affidavit of his compliance with our order, as required by the Rules of this Court (22 NYCRR 603.13 [f]). Furthermore, he has violated that order by continuing to represent clients and practice law.

Evidence in the record reveals that respondent failed to inform three of those clients that he was under suspension, and defrauded two of them out of thousands of dollars by invading trust funds for personal benefit. In one case, he failed to distribute more than $7,000 in estate funds to the rightful heirs he was representing, and at one point drew checks for those heirs which were dishonored for insufficient funds. He later admitted to the client (the mother of the heirs) that he had used the estate funds to pay personal debts, and promised to repay this money even if he had to "rob or kill someone to do it." In a second case, respondent not only failed to pay over a $45,000 settlement to a client, but dissipated nearly $40,000 of that sum from his escrow account.

Conversion of client funds entrusted to an attorney constitutes misconduct under the Code of Professional Responsibility (DR 1-102 [A] [4]; 22 NYCRR 1200.3), warranting disbarment (*Matter of Solomon*, 124 AD2d 36). Furthermore, an attorney under suspension who fails to notify clients of that status is in violation of the Rules of this Court (22 NYCRR 603.13 [c], [d]). Continuing to practice law while under suspension contravenes Judiciary Law § 90 (2), warranting immediate disbarment (*Matter of Olitt*, 145 AD2d 273, *appeal dismissed* 74 NY2d 701, *cert denied* 493 US 937). Respondent's belated effort to resign from the Bar in the face of these charges must be rejected for failure to satisfy the requirements of section 603.11 (a) of the Rules of this Court.

Accordingly, petitioner's motion should be granted, and respondent disbarred, effective immediately. Respondent is ordered to make monetary restitution to the clients whose money he has misappropriated (Judiciary Law § 90 [6-a]). Petitioner is directed to appoint an attorney to inventory respondent's files and take such action as necessary to protect the interests of clients, in accordance with section 603.13 (g) of the Rules of this Court.

SULLIVAN, J. P., ROSENBERGER, WALLACH, WILLIAMS and TOM, JJ., concur.

Motion granted, respondent's belated effort to resign from the Bar denied, respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective April 10, 1997, and appointment of an attorney to inventory respondent's files directed, all as indicated.