488 S.E.2d 875

**In the Matter of Arthur T. MEEDER, Respondent.**

No. 24663.

Supreme Court of South Carolina.

Heard June 4, 1997.

Decided Aug. 4, 1997.

Arthur T. Meeder, Hilton Head, pro se.

Charles M. Condon, Attorney General, and James G. Bogle, Jr., Senior Assistant Attorney General, Columbia, for complainant.

PER CURIAM:

In this attorney disciplinary matter, Respondent Arthur T. Meeder is charged with misconduct arising out of his representation of a client while under an order of suspension by this Court. We agree with the finding of misconduct made by the Interim Review Committee [1] of the Board of Commissioners on Grievances and Discipline ("IRC"). We further agree with the IRC's unanimous recommendation Respondent be disbarred from the practice of law.

On October 30, 1995, Respondent was suspended from the practice of law for eleven months.[2] The misconduct alleged in the current complaint involves Respondent's representation of John Bruno. Bruno was also one of the complainants in the former disciplinary action. *See Meeder*, 320 S.C. at 84, 463 S.E.2d at 313. Bruno retained Respondent in June 1995 to resolve some mechanics liens filed against Bruno's home. This matter was ultimately resolved.[3] Shortly before Respondent was suspended, Bruno and his wife hired Respondent to represent them in a lawsuit against their homebuilder to collect damages from alleged construction defects. Respondent accepted a $2500 retainer for this case (before he was suspended). After he was suspended, Respondent told Bruno

---

1. On January 1, 1997, the Rules for Lawyer Disciplinary Enforcement became effective, replacing former Rule 413, SCACR. The order adopting these new Rules provided any disciplinary case pending under former Rule 413 as of January 1, 1997 would be converted to a procedure established by the Chair of the Commission on Lawyer Conduct. The Interim Review Committee was created to fulfill the functions performed by the Executive Committee under Paragraph 14(a) of the former Rule on Disciplinary Procedure (Rule 413, SCACR) in those pending cases. All references to Rule 413, SCACR, will be to the former Rules of Disciplinary Procedure.

2. *In the Matter of Arthur T. Meeder*, 320 S.C. 82, 463 S.E.2d 312 (1995) (Respondent failed to exercise the required degree of diligence and competence demanded of attorneys; failed to communicate with clients; failed to maintain the integrity of client funds; failed to deliver client funds; failed to surrender client files upon request; engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation; and failed to cooperate with the Board of Commissioners on Grievances and Discipline).

3. Respondent's representation regarding these liens apparently formed part of the basis for the findings of misconduct in the prior disciplinary action. *See Meeder*, 320 S.C. at 84, 463 S.E.2d at 313.

he was working with another law firm on the case, but did not give the name of the other firm. He showed Bruno a computer printout of work he performed on the case. Subsequently, Respondent stopped returning Bruno's calls and refused to see him when Bruno came to his office. Respondent then closed his office.

Bruno wrote a letter of complaint to the Board of Commissioners on Grievances and Discipline June 6, 1996. Although Respondent replied to an initial inquiry by the Board, he failed to respond to numerous inquiries made by the investigating Board member assigned to the case. When the formal complaint was filed December 4, 1996, Respondent did not file an answer. He was notified the allegations in the complaint were deemed admitted [4] and there would be no panel hearing unless he requested to be heard in mitigation.[5] When Respondent failed to request a hearing, the matter was forwarded to the IRC which unanimously recommended Respondent be disbarred.[6]

## DISCUSSION

We find the facts alleged in the complaint, which are deemed admitted, clearly constitute misconduct. Respondent engaged in the practice of law while under suspension in violation of Rule 5.5, Rule 407, SCACR. While doing so Respondent failed to return client phone calls and refused to meet with his client. Such representation constituted further violations of the Rules of Professional Conduct.[7] Respondent

---

4. ¶ 13(C), Rule 413, SCACR ("In the event the Respondent fails to answer, the charges shall be deemed admitted").

5. ¶ 12(B), Rule 413, SCACR ("If no issues of fact are raised by the pleadings, a hearing shall not be necessary unless the Respondent requests an opportunity to be heard in mitigation").

6. Respondent did not accept service of the Rule to Show Cause and therefore had to be hand-served by SLED.

7. Specifically, Respondent has violated Rule 1.1, Rule 407, SCACR (lawyer shall provide competent representation to a client); Rule 1.3, Rule 407, SCACR (lawyer shall act with reasonable diligence and promptness in representing a client); and Rule 1.4, Rule 407, SCACR (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information; lawyer

has thus committed misconduct in violating the Rules of Professional Conduct, engaging in conduct tending to pollute the administration of justice or to bring the legal profession into disrepute; engaging in conduct demonstrating unfitness to practice law; and engaging in conduct demonstrating a lack of professional competence in the practice of law. *See* ¶¶ 5(B), 5(D), 5(E); Rule 413, SCACR. Finally, Respondent has refused to cooperate with the Board's investigation, constituting an act of separate misconduct. *See In the Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982); Rule 8.1(b), Rule 407, SCACR.

We find the appropriate sanction in this case is disbarment. This sanction is consistent with former decisions involving similar misconduct. *See, e.g., In the Matter of Mizzell,* 326 S.C. 63, 484 S.E.2d 466 (1997) (two year suspension); *In the Matter of Hendricks,* 319 S.C. 465, 462 S.E.2d 286 (1995) (disbarment); *In the Matter of Bosserman,* 298 S.C. 198, 379 S.E.2d 130 (1989) (disbarment). Although the Respondent in *Mizzell* only received a definite suspension, we find the circumstances here warrant a harsher sanction. In *Mizzell,* the Respondent had been administratively suspended for nonpayment of license fees and failure to comply with CLE requirements. He claimed he did not receive notice of the suspension because he did not retrieve his mail in a timely fashion, and subsequently paid the fees and fulfilled the CLE requirements. Here, Respondent was suspended for multiple acts of client misconduct as opposed to administrative neglect. Additionally, there is no claim Respondent was not aware of his prior suspension when he continued to represent Bruno after October 30, 1995.

> [I]n the absence of mitigating circumstances, disbarment is appropriate when a lawyer:
> (a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or
> (b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of

shall explain a matter to extent reasonably necessary to permit client to make informed decisions regarding representation).

misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

*People v. Redman,* 902 P.2d 839, 840 (Colo.1995) (en banc) (quoting American Bar Standards for Imposing Lawyer Sanctions § 8.1 (1991 & Supp.1992)). *See also In the Matter of Israel,* 230 A.D.2d 293, 655 N.Y.S.2d 538, 538 (1997) ("Continuing to practice law while under suspension ... warrant[s] immediate disbarment").

"This court's disciplinary orders are not intended to be 'empty noise.' " *In the Matter of Larson,* 512 N.W.2d 454, 457 (N.D.1994) (per curiam). Respondent is hereby disbarred from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing he has complied with Paragraph 30 of Rule 413, SCACR, and shall surrender his certificate of admission to practice law in this State to the Clerk of Court.

**DISBARRED.**