24303

In the Matter of Mark E. HALL, Respondent.

(461 S.E. (2d) 396)

Supreme Court

*Attorney General Charles Molony Condon* and *Senior Assistant Attorney General James G. Bogle, Jr.,* Columbia, *for complainant.*

*Mark E. Hall,* Columbia, *pro se.*

Submitted July 18, 1995.

Decided Aug. 21, 1995.

*Per Curiam:*

In this attorney grievance matter, respondent conditionally admits the allegations in the complaint filed against him and consents to a public reprimand. We accept respondent's admission and publicly reprimand him.

### Real Estate Matter

Respondent admits that on October 22, 1992, he entered into a contract to purchase a condominium. Respondent gave the seller a $3,500 downpayment, agreed to assume an existing mortgage of $45,465.80, and agreed to give the seller a $3,500 second mortgage on the property. Respondent was to prepare the closing documents, handle the closing, and send the loan assumption package to the mortgage company.

On June 14, 1994, the mortgage company notified the seller that the seller's loan on the property was in default. Respondent had not made proper payments to the mortgage company. As of that date, respondent had not recorded the second mortgage and did not do so until September 20, 1994, after the seller had filed a complaint against him and after the investigation had begun.

Respondent represented to the Board, and to the Board member assigned to investigate the complaint, that there was no $3,500 debt secured by a second mortgage. However, after the investigation had begun, respondent and the seller entered into an agreement for an Installment Promissory Note "in lieu of 're-negotiated' second mortgage" pertaining to the sale of the condominium. The Installment Promissory Note stated that the second mortgage was prepared by Attorney Mark Hall [respondent] and was never recorded.

Also after the investigation into this matter had begun, respondent prepared an affidavit for the seller to sign. The affidavit stated that the seller wished to withdraw his complaint against respondent, that the seller had no grievance against respondent, and that the seller did not wish to participate in any investigation or hearing against respondent. On the same date, respondent signed an affidavit stating he would not bring any type of action against the seller or the real estate agency owned by the seller, nor would respondent report the seller to the Real Estate Commission or any other agency or bureau.

## Trust Account Matter

Respondent closed his trust/escrow account in October 1993. At approximately the same time, respondent opened a business/operating account at another bank. On seven occasions, respondent deposited settlement proceeds checks into his business/operating account and disbursed settlement funds from that account. During the course of the investigation of this matter, respondent denied that he had deposited any client money into the business/operating account.

By his conduct, respondent has violated the Rules of Professional Conduct by neglecting a legal matter entrusted to him, making material misrepresentations to the Board, commingling client funds with operating funds, and engaging in conduct prejudicial to the administration of justice. Rule 1.3, Rule 1.15, Rule 8.1, and Rule 8.4(e), of Rule 407, SCACR. In mitigation, respondent states that he has never previously been disciplined and no clients lost any funds through his actions. We find respondent's conduct warrants a public reprimand, and we accept his conditional admission and publicly reprimand him.

Public reprimand.

BURNETT, A.J., not participating.