495 S.E.2d 779

**In the Matter of Henry H. CABANISS, Respondent.**

**No. 24752.**

Supreme Court of South Carolina.

Submitted Dec. 2, 1997.

Decided Jan. 26, 1998.

Coming B. Gibbs, Jr., Charleston, for respondent.

Henry B. Richardson, Jr., Columbia, Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent admits he has committed misconduct and consents to a definite suspension for two years. We accept respondent's admissions and suspend him from the practice of law for two years.

### Law Firm Accounts

Respondent, a solo practitioner, failed to maintain the integrity of his law firm trust and operating accounts. He failed to maintain accurate and complete information about financial transactions involving his clients. He improperly used his law office's operating account as a personal checking account. From March to December of 1996, the office's operating account had 113 checks returned for insufficient funds, 64 overdraft fees, and 107 negative balances.

### The Raley Matter

Respondent handled a real estate closing for a client named Raley. Funds were electronically transferred to respondent's

trust account in connection with the closing. Respondent wrote checks from his trust account totaling $955 in connection with the closing during September and October 1996. Those checks were returned for insufficient funds. Respondent failed to pay an additional $2,752 in closing fees and other escrowed amounts. Funds to make the necessary payments were not in respondent's trust account at the time they were due because respondent used the money for purposes unrelated to the Raley closing. A title insurance company covered the losses. Respondent has reimbursed the company for $955, but has not repaid the $2,752.

### The Armstrong Matter

Lea Armstrong gave respondent $500 in August 1996 as payment for him to handle a real estate closing. Respondent failed to handle the transaction and did not return the money until December 1996.

### Conclusion

Respondent admits he has committed misconduct in these matters. Respondent failed to maintain records of his office's operating and trust accounts. He commingled funds between his personal account, office operating account, and trust account. Respondent used funds from his trust account for purposes unrelated to a real estate closing for which the funds were designated. He failed to perform a real estate closing after accepting a fee, and did not promptly return the fee.

We conclude respondent engaged in conduct that reflects adversely upon his honesty, trustworthiness, and fitness as a lawyer. He engaged in conduct involving moral turpitude. He engaged in conduct tending to pollute the administration of justice or to bring the courts and legal profession into disrepute. By his actions, respondent violated Rules 1.15 and 8.4(a), (c) and (e) of the Rules of Professional Conduct contained in Rule 407, SCACR, and Paragraph 5(D) of former Rule 413, SCACR.[1]

---

[1] This provision is now found in Rule 7(a)(5) of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR.

We find that respondent's conduct warrants a definite suspension of two years from the practice of law. The suspension shall be retroactive to February 7, 1997, the date the Court placed respondent on interim suspension from the practice of law. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30 of Rule 413, SCACR. In addition to all other requirements respondent must meet to be reinstated under Rule 413, SCACR, no petition for reinstatement shall be accepted until respondent has filed proof he has made full restitution to all institutions and individuals who have lost money as a result of his fraudulent acts or mishandling of trust funds, to include restitution to the Lawyers' Fund for Client Protection for any payment it may make.

DEFINITE SUSPENSION.