509 S.E.2d 266

**In the Matter of Mark E. HALL, Respondent.**

No. 24860.

Supreme Court of South Carolina.

Heard Oct. 20, 1998.
Decided Nov. 30, 1998.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for Office of Disciplinary Counsel.

PER CURIAM:

In this attorney grievance matter, Mark E. Hall (Respondent) is charged with engaging in misconduct in violation of various provisions of the Rules of Professional Conduct (RPC) contained in Rule 407, SCACR, and the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR.

## *PROCEDURAL BACKGROUND*

The Commission on Lawyer Conduct (Commission) began a full investigation into these matters in April and June 1997. Respondent initially denied any wrongdoing, but provided incomplete information to investigators. He did not respond after the filing of formal charges in October 1997 and went into default. Respondent did not appear at the subpanel hearing in January 1998; nor did he appear at the hearing before this Court.

The subpanel found misconduct and recommended disbarment. The full panel adopted the report and recommended sanction. We agree with the panel's findings and conclusions about Respondent's misconduct. However, we find Respondent's acts warrant an indefinite suspension from the practice of law.

## *CHILD SUPPORT MATTER*

A family court judge ordered Respondent in October 1994 to pay $113 per week in child support to Brenda J. Kent, the mother of Respondent's minor child. The order required Respondent to pay the funds through family court in Richland County, which would forward the funds to a child support agency in Minnesota, where Ms. Kent and the child lived.

Respondent failed to make all payments, and by January 1997 was $15,480 in arrears.

At an enforcement hearing, Respondent submitted an affidavit in which he claimed he had paid Ms. Kent $10,300—in cash at her request—from November 1994 to December 1996. He stated he went to Minnesota in late 1996 to resolve his payment record, but was unable to meet with child support officials due to bad weather and closed government offices. Ms. Kent told him that she would notify officials in Minnesota and South Carolina about the payments he had made, Respondent stated. The judge found Respondent in contempt and sentenced him to one year, suspended upon payment of $5,000 towards the arrearage.

In an affidavit filed after the enforcement hearing, a Minnesota child support officer stated that Respondent had paid Ms. Kent $5,154, but still owed her $9,988 in missed payments.[1] The child support office was open on the day Respondent claimed he was in town to discuss the matter, and Respondent never contacted the child support office, the officer stated. Ms. Kent stated in an affidavit she had not received the payments Respondent purportedly made, and never asked him to pay her in cash.

Respondent attempted to explain his actions in a letter to disciplinary counsel in April 1997. However, Respondent's failure to answer the formal charges, as well as his failure to appear before the hearing panel or this Court, constitutes an admission of the factual allegations. Rule 24, RLDE.

## SMITH MATTER

Respondent represented Wilmarth K. Smith, who was injured in October 1995 when she fell in the parking lot at the Chamber of Commerce in Columbia. The parties settled the case in July 1996 for $2,775.50, paid to Ms. Smith and Respondent in two checks, one for $2,275.50 and one for $500. Respondent did not have a written retainer agreement signed by Ms. Smith; nor did he give her a written settlement statement. Respondent gave Ms. Smith a check for $500,

---

1. It is unclear why the South Carolina family court records show a larger arrearage than that claimed by the Minnesota official. Regardless, Respondent was substantially behind in his payments.

which she was unable to cash due to insufficient funds. When she contacted Respondent about the problem, he gave her another check for $2,500.[2]

An analysis of Respondent's trust account, based on records obtained by subpoena from the bank and Respondent, showed Respondent deposited $2,000 of the first settlement check and kept the remainder in cash. He apparently deposited the second settlement check of $500. A few days later, Respondent wrote himself a check drawn on his trust account for $2,500, labeling it "attorney fee." The account was overdrawn by $300 shortly after Respondent deposited Ms. Smith's settlement checks, indicating he misappropriated Ms. Smith's funds to his own use.

Respondent initially refused to provide Ms. Smith's entire case file and pertinent bank records when contacted by disciplinary counsel. He failed to cooperate with investigators despite repeated telephone calls and letters. He promised to provide certain documents after an investigator visited him at his office, but failed to do so.

Respondent attempted to explain his actions in letters to disciplinary counsel in April and August 1997. Again, his failure to answer the formal charges or appear constitutes an admission of the factual allegations. Rule 24, RLDE.

## PAST MISCONDUCT

Three years ago, the Court publicly reprimanded Respondent for inappropriately handling a real estate transaction. The Court also reprimanded Respondent for depositing settlement checks into his operating account instead of his trust account. No clients lost any funds. *Matter of Hall*, 319 S.C. 358, 461 S.E.2d 396 (1995). The Bar suspended Respondent's license March 20, 1998, for failure to pay Bar dues. The Court issued an order August 7, 1998, holding Respondent in contempt, but that order has not been served upon Respondent because he cannot be located.

---

2. The record does not reveal whether Ms. Smith was able to cash the $2,500 check. Disciplinary authorities told the subpanel that Ms. Smith received part of her money from Respondent, at least $500 to $1,500.

## DISCUSSION

■ This Court has the ultimate authority to discipline attorneys, and the Commission's findings are not binding. *Matter of Dobson*, 310 S.C. 422, 427 S.E.2d 166 (1993). However, such findings are entitled to great weight. *Matter of Lake*, 269 S.C. 170, 236 S.E.2d 812 (1977).

■ After examining the facts, we find Respondent's misconduct has been proven by clear and convincing evidence. In the family court matter, Respondent committed misconduct by making false statements of material fact to the family court and the Commission, and by willfully violating the terms of a valid court order. Rules 7(a)(3) and (7), RLDE.

In the Smith matter, Respondent committed misconduct by failing to keep Ms. Smith reasonably informed about her case and complying with reasonable requests for information. Rule. 1.4(a), RPC. Respondent failed to promptly deliver funds Ms. Smith was entitled to receive or render a full accounting of those funds. Rule 1.15, RPC. He failed to secure a written contingency fee agreement or give Ms. Smith a written settlement statement. Rule 1.5(c), RPC.

In both matters, Respondent engaged in conduct tending to pollute the administration of justice and demonstrated an unfitness to practice law. Rule 7(a)(5), RLDE; Rules 8.4(d) and (e), RPC. He violated the oath of office taken upon admission to practice law. Rule 7(a)(6), RLDE. Respondent failed to respond to the Commission's inquiries and requests for information. Rule 7(a)(3), RLDE; *Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

An attorney usually does not abandon a license to practice law without a fight. Those who do must understand that "neglecting to participate [in a disciplinary proceeding] is entitled to substantial weight in determining the sanction." *Matter of Sifly*, 279 S.C. 113, 115, 302 S.E.2d 858, 859 (1983). An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers. *See* Preamble to Rule 407, SCACR; Rule 1,

RLDE. In more egregious cases, we have disbarred attorneys who failed to answer formal charges or appear at hearings before the Commission or this Court. *See Matter of Wofford,* 330 S.C. 522, 500 S.E.2d 486 (1998) (disbarring attorney who failed to answer formal charges, appear at panel hearing or before Court; attorney in several cases failed to provide competent representation, keep clients reasonably informed, and promptly deliver funds to third person; attorney also misappropriated client funds and committed criminal acts); *Matter of Meeder,* 327 S.C. 169, 488 S.E.2d 875 (1997) (disbarring attorney who responded initially, but failed to answer formal charges or ask for panel hearing; attorney continued to represent client after he was suspended for multiple counts of misconduct); *Matter of Sifly, supra* (disbarring attorney who failed to appear before the disciplinary panel or the Court; attorney mishandled two cases and wrote bad checks).

We previously have imposed a sanction other than disbarment upon attorneys who engaged in misconduct similar to Respondent's. *See Matter of Cabaniss,* 329 S.C. 366, 495 S.E.2d 779 (1998) (definite suspension of two years for failing to maintain financial records, commingling funds from personal, operating and trust accounts, misusing trust funds, and failing to perform services); *Matter of Edwards,* 293 S.C. 413, 361 S.E.2d 123 (1987) (indefinitely suspending attorney who presented false documents in workers' compensation case, gave forged divorce order allegedly executed by family court judge to client, and improperly used trust funds to cover shortages in other accounts).

## CONCLUSION

For the foregoing reasons, we find Respondent committed misconduct. Respondent is hereby indefinitely suspended from the practice of law. Within fifteen (15) days of the date of this opinion, respondent shall file the affidavit required by Rule 30(g), RLDE. In addition to all other requirements respondent must meet to be reinstated under Rule 33, RLDE, no petition for reinstatement shall be accepted until respondent has filed proof that he has made full restitution to all institutions and individuals who have lost money as a result of his fraudulent acts or mishandling of trust funds, to include

restitution to the Lawyer's Fund for Client Protection for any payment it may make.

INDEFINITE SUSPENSION.