533 S.E.2d 588

In the Matter of Mark E. HALL, Respondent.

No. 25148.

Supreme Court of South Carolina.

Submitted May 16, 2000.

Decided June 12, 2000.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., of Columbia, for Office of Disciplinary Counsel.

PER CURIAM:

Respondent was indefinitely suspended from the practice of law on November 30, 1998. *In the Matter of Hall,* 333 S.C. 247, 509 S.E.2d 266 (1998).[1] Disciplinary Counsel filed additional formal charges against respondent on January 8, 1999. A copy of the notice and formal charges were served upon respondent at his last known law office address by both regular mail and certified mail; however, both were returned by the post office. On January 19, 1999, a copy of the notice

---

1. Respondent received a public reprimand on August 21, 1995. *In the Matter of Hall,* 319 S.C. 358, 461 S.E.2d 396 (1995). On March 27, 1998, respondent's license to practice law was suspended for failure to pay license fees.

and formal charges were served on the Clerk of this Court as agent for service for nonresident attorneys or attorneys who have disappeared. *See* Rule 14(c), RLDE, Rule 413, SCACR. Finally, attempted service was made by Special Investigator Larry R. Huffstetler at respondent's former law office as well as two other addresses for respondent which Huffstetler discovered during his investigation; however, his attempts were unsuccessful.

No answer or motion was received from respondent or anyone acting on his behalf. Accordingly, an Affidavit of Default was filed on February 23, 1999. A hearing was held on March 22, 1999, before a sub-panel of the Commission on Lawyer Conduct (Commission). Respondent did not appear at the hearing. The sub-panel and, thereafter, a full panel, recommended that respondent be disbarred.

The Commission forwarded the record and its recommendation to this Court. Respondent did not file a brief with the Court.

Service of formal charges in any disciplinary proceeding is made by personal service upon the lawyer or the lawyer's counsel by any person authorized by the Chair of the Commission or by registered or certified mail to the lawyer's last known address. Rule 14(c), RLDE, Rule 413, SCACR. Failure to answer formal charges or to appear when specifically ordered by the hearing panel shall constitute an admission of the factual allegations in the complaint. Rule 24(b), RLDE, Rule 413, SCACR. Upon receipt of the record and recommendation from the panel, this Court *may* order oral argument, but is not required to do so, before rendering a decision. Rule 27(c)(2), RLDE, Rule 413, SCACR.

We hereby find that ordering oral argument in this case would be futile. Proper but unsuccessful attempts have been made to serve respondent at every stage of the disciplinary process; however, he has apparently absconded. The following formal charges against respondent are therefore deemed admitted.

### Neglect of Legal Matters

Respondent neglected several legal matters by failing to respond to client inquiries, failing to contact or communicate

with clients, failing to diligently represent the clients' interests, and failing to complete legal work on behalf of the clients. Respondent abandoned his law practice without notice to the clients and without returning files, documents or unearned legal fees to the clients.

## Practicing Law While Under Suspension

While he was suspended for failure to pay license fees and following his indefinite suspension, respondent continued to practice law.

## Failure to Respond to Disciplinary Authority

Respondent failed to respond to letters or notices of full investigation sent to him by the Office of Disciplinary Counsel.

Respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failure to provide competent representation); Rule 1.3 (failure to act with reasonable diligence in representing clients); Rule 1.4 (failure to keep clients reasonably informed about the status of their cases, failure to promptly comply with clients' reasonable requests for information, and failure to explain matters to clients to the extent reasonably necessary for them to make informed decisions regarding representation); Rule 1.15 (failure to deliver funds or other property that the client is entitled to receive); Rule 1.16 (failure upon termination of representation to protect clients' interests, surrender papers and property to which the clients are entitled and refund any advance payment of fees that has not been earned); Rule 3 .2 (failure to make reasonable efforts to expedite litigation consistent with the interest of a client); Rule 8.1 (failure to respond to a lawful demand for information from disciplinary authority); and Rule 8.4 (violating the Rules of Professional Conduct and engaging in conduct prejudicial to the administration of justice).

In addition, respondent has violated provisions of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR, including: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (willful failure to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of

justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

Based on this misconduct, respondent is hereby disbarred. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

DISBARRED.