742 S.E.2d 660

**In the Matter of Christopher John VAN SON, Respondent.**

**Appellate Case No. 2013–000064.**

**No. 27262.**

Supreme Court of South Carolina.

Submitted May 15, 2013.

Decided June 5, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara Marie Seymour, Deputy Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Christopher John Van Son, of California, pro se.

PER CURIAM.

Respondent, licensed in California[1] but not in South Carolina, sent solicitation letters to at least two South Carolina residents. These letters violated a number of provisions of Rule 7, Rules of Professional Conduct (RPC), Rule 407, SCACR. Respondent subsequently failed to cooperate with the Office of Disciplinary Counsel's (ODC) investigation. Respondent did not answer ODC's formal charges, was found to be in default, and is therefore deemed to have admitted the factual allegations made in those charges. Rule 24(a), Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR. Following an evidentiary hearing at which respondent did not appear, the hearing Panel recommended that respondent be barred for five years from seeking admission of any kind in South Carolina, from advertising or soliciting clients in South Carolina for five years, and that he be required to pay the costs of the proceedings.[2] Further, the Panel recommended respondent be required to complete the Legal Ethics and Practice Program, Ethics School, and Advertising School before being eligible for admission. Neither party sought review of the order, and the matter is now submitted for the Court's consideration. We impose the sanctions recommended by the Panel but modify the starting date of the five-year period.

1. Respondent's California license is currently suspended for conduct similar to that involved in this matter.

2. The costs total $513.29.

### FACTS

Respondent sent letters to South Carolina residents notifying them they were potential plaintiffs in a "national lawsuit" that respondent's office had recently filed, and urging them to contact that office to avoid being "excluded as a plaintiff." Respondent's conduct in sending the letters violated the following sections of Rule 7, RPC, Rule 407:

(1) 7.1(a) in that the letters contained material misrepresentations of fact or law and omitted facts necessary to make the statements considered as a whole not materially misleading;

(2) Rule 7.3(c) in that he failed to file a copy of the letter and a list of persons to whom it was sent, and failed to pay the fee as required by the version of this rule in effect at the time;

(3) Rule 7.3(d)(1) in that the letters did not include in capital letters and prominent type "ADVERTISING MATERIAL" on the front of the envelope and on each page of the enclosed material;

(4) Rule 7.3(d)(2) and (3) in that the letters did not include required disclaimers; and

(5) Rule 7.3(g) in that respondent did not disclose how he obtained the information prompting the communication.

Further, respondent failed to cooperate with ODC in that he:

(1) Did not respond in writing to a notice of investigation sent August 30, 2011;

(2) Did not claim a certified letter sent September 26, 2011, reminding him of his obligation to respond despite being left two notices by the Post Office;

(3) Did not claim another reminder letter and notice sent by certified mail in January 2012, despite being left two notices by the Post Office;

(4) Did not respond to the notice and reminder letter sent by regular mail in January 2012, which was not returned to ODC;

(5) After learning in March 2012 that the California State Bar had closed respondent's practice because of a mortgage modification scam related to the South Carolina

solicitation letters, ODC sent its notice to the lawyer representing respondent in the California disciplinary proceedings. This lawyer forwarded ODC's correspondence to respondent, who then wrote ODC telling it that because the California State Bar had taken over his law practice and seized his files, its inquiry should be directed to the State Bar. State Bar Counsel confirmed to ODC that the State Bar is neither representing respondent nor accepting service on his behalf; and

(6) ODC wrote respondent in April 2012 informing him that he was required to respond and that the California State Bar would not be responding on his behalf. As of December 2012, respondent has not responded to ODC.

## ANALYSIS

■ Respondent is in default, and thus all factual allegations against him are deemed admitted. Rule 24, RLDE, Rule 413, SCACR. Further, although not licensed in South Carolina, respondent is subject to discipline here. First, Rule 2(q), RLDE, Rule 413, SCACR, defines "lawyer" to include "a lawyer not admitted in this jurisdiction if the lawyer ... offers to provide any legal services in this jurisdiction [and] anyone whose advertisements or solicitations are subject to Rule 418, SCACR." Further, Rule 418, titled "ADVERTISING AND SOLICITATION BY UNLICENSED LAWYERS" defines "unlicensed lawyer" as an individual "admitted to practice law in another jurisdiction but ... not ... in South Carolina." Rule 418(a). The rule also provides for jurisdiction over allegations of misconduct by foreign lawyers and procedures for determining misconduct charges, Rule 418(c), and for sanctions. Rule 418(d).

The Panel found that respondent's conduct violated Rules 7.1, 7.3, and 8.1(b), RPC, Rule 407, SCACR, and recommended the Court sanction respondent. It found his failure to appear at the hearing or respond to the final charges were aggravating factors, citing *In re Hall*, 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998) (internal citation omitted). Recognizing that disbarment was not available here, the Panel recommended the Court prohibit respondent from admission or appearance of any kind in South Carolina, including in ADR proceedings

or *pro hac vice,* and prohibit him from advertising or soliciting business in South Carolina. The Panel recommended the sanctions run for five years, and that prior to the lifting of any of the sanction, respondent be required to complete the Legal Ethics and Practice Program, Ethics School, and Advertising School.

## DISCUSSION

The authority to discipline attorneys and the manner in which the discipline is imposed is a matter within the Court's discretion. *E.g., In re Yarborough,* 337 S.C. 245, 524 S.E.2d 100 (1999). When the respondent is in default the Court need only determine the appropriate sanction. *E.g., In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001). We adopt the sanctions recommended by the Panel, effective upon the filing of this opinion. However, the five-year period during which respondent may not be admitted in this state nor advertise or solicit clients shall begin to run when respondent regains his status as a member in good standing of the California State Bar.

## CONCLUSION

Respondent is barred from admission before the courts of this state and from advertising or soliciting clients in South Carolina until five years after he has become a member in good standing of the California State Bar. Before seeking admission here, or advertising or soliciting within the state, respondent shall complete the Legal Ethics and Practice Program, Ethics School, and Advertising School. Further, he shall, within thirty days of the filing of this opinion, pay the costs assessed by the Panel.

**DISCIPLINE IMPOSED**

TOAL, C.J., PLEICONES, BEATTY KITTREDGE and HEARN, JJ., *concur.*