# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Alma C. Defillo, Respondent.

Appellate Case No. 2014-001077

---

Opinion No. 27431
Submitted July 29, 2014 – Filed August 13, 2014

---

## DISCIPLINE IMPOSED

---

Lesley M. Coggiola, Disciplinary Counsel, and Barbara
M. Seymour, Deputy Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Alma C. Defillo, of Jacksonville, Florida, pro se.

---

**PER CURIAM:** Respondent is licensed to practice law in Florida; she is not
licensed to practice law in South Carolina. In November 2013, the Office of
Disciplinary Counsel (ODC) filed Formal Charges against respondent alleging she
operated a law firm and offered legal services in South Carolina. In addition,
ODC alleged that respondent advertised and solicited clients in South Carolina in
violation of Rule 7, RPC, Rule 413, SCACR, and Rule 418, SCACR. Respondent
did not answer the Formal Charges, was found to be in default, and is therefore
deemed to have admitted the factual allegations made in those charges. See Rule
24(a), RLDE, Rule 413, SCACR. Following an evidentiary hearing in which
respondent did not appear, the Hearing Panel issued a Panel Report recommending
the Court sanction respondent for her misconduct. Neither ODC nor respondent
filed exceptions to the Panel Report. The matter is now before the Court for
consideration.

## Facts

## Matter I

In 2012, respondent opened an office in Greenville, ostensibly to handle federal immigration matters. Respondent had no law partners or associates who were licensed in South Carolina except for a period of approximately fourteen days in August 2012. Respondent offered to provide legal services in South Carolina using methods specifically targeted at potential clients in South Carolina, including a law firm website, business cards, print advertisements, and radio commercials as discussed below.

In connection with her representation of two clients in federal immigration matters, respondent sent letters to judges for the state circuit court in Greenville, requesting certification that the clients were crime victims. The letterhead contained the phrase "Attorneys and Counselors at Law" when, in fact, respondent had no partners or associates at the times the letters were written. Respondent's letterhead included her Greenville office address without indicating the jurisdictional limitations on her ability to practice law.

Respondent advertised her law firm through the use of a website available to residents of South Carolina. Included on the website are references to respondent's Greenville office. Respondent's website contains material misrepresentations and omits facts necessary to make the contents considered as a whole not materially misleading. On her website, respondent advertises her office in Greenville but fails to state that she is not licensed to practice law in South Carolina or to otherwise set forth the jurisdictional limitations on her practice in this state. Further, respondent's website is not limited to the promotion of her federal immigration practice as she advertises her experience in both criminal and family law and offers to "analyze the facts of [her prospective client's] case by applying current…State Laws."

In addition to false and misleading statements regarding offers to practice in this jurisdiction, respondent repeatedly refers to the firm's "lawyers" and "attorneys" when, in fact, respondent is a sole practitioner with no partners, only sporadically employing associates in her law firm.

Respondent's website compares her services with other lawyers' services in a way that cannot be factually substantiated by stating her law firm is "unique" because she and her staff are fluent in Spanish and English. Additionally, respondent includes forms of the words "specialist" and "expert" on her website even though she is not a specialist certified by this Court.

Respondent promotes her law firm by distributing printed business cards. The business cards advertise her office in Greenville without disclosing the fact that respondent is not licensed to practice law in South Carolina or disclosing the geographical limitation of her law practice in this state.

Respondent promotes her law firm by publication of print advertisements in Spanish-language magazines and other periodicals distributed in South Carolina. Respondent's print media advertisements lists her office in Greenville without disclosing the fact that she is not licensed to practice law in South Carolina or disclosing the jurisdictional limitations on her practice in this state.

Respondent promotes her law firm by broadcasting commercials on Spanish-language radio stations in South Carolina. Respondent's radio commercials include reference to her office in Greenville without disclosing the fact that she is not licensed in South Carolina or disclosing the geographical limitations of her practice of law in this state.

## Matter II

Respondent initially cooperated with the disciplinary investigation by timely submitting her responses to the notice of investigation and ODC's subpoena for her client files and record of advertising dissemination. However, respondent failed to submit a response to the supplemental notice of investigation served on her on April 5, 2013.

As a result of her failure to submit a response to the supplemental notice of investigation, ODC issued a notice for respondent to appear for an interview on May 23, 2013. Respondent contacted ODC and requested the interview be postponed. Pursuant to that request, ODC issued an amended notice to appear, setting the interview for May 31, 2013. Respondent failed to appear, although her husband called ODC thirty-two minutes before the scheduled interview time to state respondent would not be attending the interview due to a court appearance in Georgia. Respondent's husband was asked to instruct respondent to contact ODC after her court appearance in Georgia to reschedule the interview. As a result of

respondent's failure to contact ODC pursuant to this instruction, ODC issued a third notice to appear, setting the interview for July 2, 2013.  Respondent did not appear on July 2, 2013, and has not contacted ODC with regard to this disciplinary matter since that time.

Respondent made the following false or misleading statements in her response to the initial notice of investigation that she submitted to ODC:

My practice is limited to Immigration Law.

I have [not] portrayed myself to practice any other law but federal immigration law.

At no time I have portrayed myself to represent residence [sic] of South Carolina with any legal services other than those that are exclusively related to immigration law.

I solely practice federal immigration law.

The Hearing Panel found respondent's conduct violated the following Rules of Professional Conduct, Rule 407, SCACR[1]:    Rule 5.5(b)(2) (lawyer who is not admitted in this jurisdiction shall not hold out to public or otherwise represent that lawyer is admitted to practice law in this jurisdiction); Rule 7.1(a) (lawyer shall not make false, misleading, or deceptive communications about lawyer or lawyer's services: communication violates this rule if it contains a material misrepresentation of fact or law, or omits fact necessary to make statement considered as a whole not materially misleading); Rule 7.1(c) (lawyer shall not make false, misleading, or deceptive communications about lawyer or lawyer's services: communication violates this rule if it compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated); Rule 7.4(b) (lawyer who is not certified as a specialist by the Supreme Court of South Carolina may not advertise or publicly state lawyer is a "specialist" or "expert" ); Rule 7.5(a) (lawyer shall not use firm name, letterhead or other professional designation that is false, misleading, or deceptive); Rule 7.5(b) (law firm with

_____

[1] The Rules of Professional Conduct, Rule 407, SCACR, are applicable as respondent's advertising and solicitation specifically targeted prospective clients in South Carolina.  See Rule 418(b), SCACR (any advertising or solicitation by unlicensed lawyer shall comply with Rules 7.1 through 7.5 of RPC when advertising or solicitation is targeted to potential client in this state).

offices in more than one jurisdiction shall indicate jurisdictional limitations of lawyers not licensed to practice in the jurisdiction where the office is located); Rule 7.5(d) (lawyer may state or imply that lawyer practices in a partnership or other organization only when that is the fact); and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand from disciplinary authority).

The Hearing Panel further found respondent is subject to discipline pursuant to the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully violate valid order of Commission or hearing panel, willfully fail to appear personally as directed, or knowingly fail to respond to lawful demand from disciplinary authority to include request for response or appearance).

### Discussion

The Commission and this Court have jurisdiction over all allegations that a lawyer has committed misconduct.  The term "lawyer" includes "a lawyer not admitted in this jurisdiction if the lawyer …offers to provide any legal services in this jurisdiction [and] anyone whose advertisement or solicitations are subject to Rule 418, SCACR."  Rule 2(q), RLDE.  Further, Rule 418, SCACR, titled "Advertising and Solicitation by Unlicensed Lawyers" defines "unlicensed lawyer" as an individual "admitted to practice law in another jurisdiction but…not…in South Carolina."  Rule 418(a).  The rule also provides for jurisdiction over allegations of misconduct by unlicensed lawyers, procedures for determining charges of misconduct, and for sanctions.  Rule 418(c) and (d).  Accordingly, even though she is not admitted to practice law in South Carolina, respondent is subject to discipline in this state.

As noted above, since respondent failed to answer the Formal Charges, she is deemed to have admitted the allegations in the charges.  See Rule 24(a), RLDE. Further, since she failed to appear for the Panel Hearing, respondent is deemed to have admitted the factual allegations and to have conceded the merits of any recommendations considered at the Panel Hearing.  See Rule 24(b), RLDE. Finally, since respondent did not file a brief taking exception to the Hearing Panel's report, she has accepted the findings of fact, conclusions of law, and the Hearing Panel's recommendations.  See Rule 27(a), RLDE.

The authority to discipline lawyers and the manner in which the discipline is imposed is a matter within the Court's discretion. In the Matter of Berger, 2014 WL 1386688 (2014); In the Matter of Van Son, 403 S.C. 170, 742 S.E.2d 660 (2013). When the lawyer is in default, the Court need only determine the appropriate sanction. Id.

The misconduct in this matter is similar to that in In the Matter of Van Son, id., where a lawyer who was not admitted in this state sent solicitation letters to at least two South Carolina residents and, thereafter, failed to cooperate with ODC's investigation. In addition to other sanctions, the Court barred the lawyer from admission in this state and from advertising or soliciting clients in South Carolina for a period of five years.

In the current matter, not only did respondent target residents of South Carolina through various forms of advertising including radio communications and print media, but she also held herself out as licensed to practice law in this state, welcomed clients with criminal and family law concerns, and sent letters on behalf of clients addressed to state court judges. Further, when she did participate in the disciplinary investigation, respondent made false statements of material fact concerning the extent of her practice and the extent of her advertising in South Carolina to ODC. Since then, respondent has failed to cooperate in the disciplinary investigation and to appear for the hearing. In the Matter of Hall, 333.S.C. 247, 251, 509 S.E.2d 266, 268 (1998) ("An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous or indifferent lawyers.").

We find it appropriate to permanently debar respondent from seeking any form of admission to practice law in this state (including pro hac vice admission) without first obtaining an order from this Court allowing her to seek admission. Further, we prohibit respondent from advertising or soliciting business in South Carolina without first obtaining an order from this Court allowing her to advertise or solicit business in this state. Before seeking an order from this Court to either allow her to seek admission or to advertise or solicit, respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School and Advertising School. Respondent shall pay the costs of the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order.

**DISCIPLINE IMPOSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**