806 S.E.2d 125

**In the MATTER OF Alvin R. LUNDGREN, Respondent.**

**Appellate Case No. 2017-000097**
**Opinion No. 27742**
Supreme Court of South Carolina.
Heard August 16, 2017
Filed October 18, 2017

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Alvin R. Lundgren, of Veyo, Utah, pro se.

PER CURIAM:

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) filed formal charges against Respondent alleging he committed misconduct by violating the rules governing *pro hac vice* admission and serving improper subpoena and discovery requests. Respondent is not licensed to practice law in South Carolina.[1] Because Respondent failed to file any

---

1. Respondent has been admitted to the practice of law in Missouri, California, Utah, and Kansas. The Missouri Supreme Court indefinitely suspended Respondent from the practice of law in Missouri in 2000 for the unauthorized practice of law. Thereafter, the court reinstated Respondent's license to practice law; however, his Missouri license is currently inactive. In 2014, Respondent resigned from the California State Bar. On July 11, 2013, Respondent was disbarred by the District

response to the formal charges, all the allegations contained therein are deemed admitted. Rule 24(a), RLDE, Rule 413, SCACR. Neither ODC nor Respondent filed exceptions to the recommendation and the matter is now before the Court for consideration. The sole issue before the Court is determining the appropriate sanction. We accept the recommendation from the Commission on Lawyer Conduct, and we find it appropriate to permanently debar Respondent in this state, order him to pay the costs of the investigation and subsequent proceedings, and order him to comply with other sanctions as will be described herein.

## FACTUAL BACKGROUND

The following facts are drawn from the formal charges against Respondent and are deemed admitted pursuant to Rule 24(a), RLDE, Rule 413, SCACR.

Respondent lives with his wife (Wife) in Utah, where he was licensed to practice law.[2] Wife previously lived in South Carolina with her first husband (Ex-Husband). Wife was divorced from Ex-Husband in 1993. Thereafter, Ex-Husband filed a defamation action against Wife in South Carolina. In February 2009, Respondent submitted an application for *pro hac vice* admission to the South Carolina Supreme Court Office of Bar Admissions in an effort to represent Wife in the defamation action. Respondent's local counsel filed the required application and a motion with the circuit court to allow Respondent to appear *pro hac vice*. However, Respondent filed various pleadings, motions, responses to motions, proposed orders, and letters to judges without the signature of his local counsel as required by Rule 404(f), SCACR.[3] Ultimately, the parties mutually agreed to dismiss their claims.

---

Court of Morgan County in Utah for misappropriation of client funds. Following Respondent's appeal, the Supreme Court of Utah upheld the disbarment. In May 2017, Respondent was disbarred by the Kansas Supreme Court.

**2.** *See* note 1.

**3.** Rule 404, SCACR, has been amended since 2010. The citation here refers to the version of the rule in place at the time of Respondent's conduct. *See* Rule 404(f) (2010) ("The South Carolina attorney of record shall at all times be prepared to go forward with the case; sign all

In 2011, Wife sought to modify the Final Order and Decree of Divorce by amending certain language regarding Ex-Husband's retirement funds. In October 2012, Respondent submitted an application for *pro hac vice* admission to the South Carolina Supreme Court Office of Bar Admissions to represent Wife in the divorce action. Respondent failed to file his application or a motion to appear *pro hac vice* with the family court prior to making an appearance as required by Rule 404(c), SCACR.[4] In August of 2013, the family court issued a final order resolving the modification.

In December 2014, approximately a year and a half after the divorce action concluded, Respondent issued a subpoena to Ex-Husband's former employer, under the caption of the divorce action. In addition to issuing a subpoena in a dismissed case, Respondent improperly: (1) issued the subpoena without stipulation of the parties or court order upon written application, as required by Rule 25, SCRFC; (2) issued the subpoena to an out-of-state entity; (3) falsely stated in the subpoena that an action was pending in family court; (4) falsely certified in the subpoena that it was issued in compliance with Rule 45, SCRCP; and (5) failed to set forth in the subpoena the text required by Rule 45(c) and (d), SCRCP. Respondent then served a document entitled "Plaintiff's Request for Answers to Interrogatories, Admissions and Request for Production of Documents" on Ex-Husband and his counsel, again citing the divorce action. In addition to serving a discovery request in a dismissed case, Respondent improperly: (1) issued the discovery request without stipulation of the parties or court order upon written application, as required by Rule 25, SCRFC; (2) had direct contact with Ex-Husband, whom Respondent knew to be represented by counsel; (3) falsely stated in the discovery request that an action was pending in family court; and (4) falsely stated in the discovery request that it was issued in

---

papers subsequently filed; and attend all subsequent proceedings in the matter, . . . . ").

4. Rule 404, SCACR, has been amended since 2012. The citation here refers to the version of the rule in place at the time of Respondent's conduct. *See* Rule 404(c) (2012) ("An attorney desiring to appear pro hac vice shall file with the tribunal in which the matter is pending, prior to making an appearance, an Application for Admission Pro Hac Vice. . . . ").

compliance with Rules 33, 34, and 36, SCRCP, and Rules 34 and 36 of the Utah Rules of Civil Procedure. In issuing the subpoena and discovery request, Respondent's conduct violated the South Carolina Family Court Rules, the South Carolina Rules of Civil Procedure, and Rules 3.4(d), 4.1, 4.2, 4.4(a), and 8.4(e), RPC, Rule 407, SCACR.

ODC filed formal charges on August 22, 2016. Respondent did not file an answer and was held in default by panel order dated November 3, 2016. The Hearing Panel convened and filed its Panel Report on December 9, 2016. Respondent was given notice of the proceeding but did not appear. After considering the aforementioned misconduct, the Hearing Panel determined Respondent is subject to discipline for violating the following Rules of Lawyer Discipline: Rule 7(a)(1) (violating the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law). Rule 413, SCACR. The Hearing Panel found Respondent violated Rule 404, SCACR, the South Carolina Rules of Civil Procedure, and the South Carolina Rules of Family Court and was therefore subject to discipline pursuant to Rule 7(a)(1) of Rule 413, SCACR.

## DISCUSSION

Since Respondent failed to answer the formal charges, he is deemed to have admitted the allegations in the charges. Rule 24(a), RLDE, Rule 413, SCACR. Further, since he failed to appear for the panel hearing, Respondent is deemed to have admitted the factual allegations and to have conceded the merits of any recommendations considered at the panel hearing. Rule 24(b), RLDE, Rule 413, SCACR.

Pursuant to Rule 3(b), RLDE, Rule 413, SCACR, the Commission on Lawyer Conduct has jurisdiction over all allegations that a lawyer has committed misconduct. "Lawyer" is defined as "a lawyer not admitted in this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction." Rule 2(q), RLDE, Rule 413, SCACR. Accordingly, even though he is not admitted to practice law in South

Carolina, Respondent is subject to the disciplinary authority of the Supreme Court of South Carolina and the Commission on Lawyer Conduct pursuant to Rule 8.5(a) of the South Carolina Rules of Professional Conduct, Rule 407, SCACR.

■ The authority to discipline lawyers and the manner in which the discipline is imposed is a matter within the Court's discretion. *In re Van Son*, 403 S.C. 170, 174, 742 S.E.2d 660, 662 (2013). The sole question remaining for the Court is whether to impose the Hearing Panel's recommended sanction. *Id.* ("When the respondent is in default the Court need only determine the appropriate sanction.").

Although not admitted to practice law in South Carolina, Respondent nevertheless engaged in the practice of law in this state. We agree with the Hearing Panel's consideration of aggravating factors, namely Respondent's lack of cooperation in the disciplinary investigation, failure to answer the formal charges, failure to appear at the disciplinary hearing, and prior disciplinary history. *In re Hall*, 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998) ("An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers."); *In re Jacobsen*, 386 S.C. 598, 607, 690 S.E.2d 560, 564 (2010) (recognizing disciplinary history is an appropriate consideration in imposing sanctions). Respondent presented no mitigating evidence.

Given the nature of Respondent's misconduct, his lack of participation in the disciplinary process, and absence of any mitigating factors, we adopt the sanctions recommended by the Hearing Panel and find it appropriate to permanently debar Respondent, prohibiting him from seeking any form of admission to practice law (including *pro hac vice* admission) in South Carolina and prohibiting him from advertising or soliciting legal services in the state. Further, we order that within thirty (30) days of the date of this opinion, he pay the costs of the investigation and prosecution of this matter and reimburse the Lawyers' Fund for Client Protection in the amount of $758.95.

Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEBARRED.**

BEATTY, C.J., KITTREDGE, HEARN, FEW, and JAMES, JJ., concur.