**Electronically Filed
Supreme Court
SCAD-17-0000163
07-MAR-2018
08:32 AM**

SCAD-17-0000163

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

JO-ANN MARIE ADAMS,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case Nos. 14-001-9144, 14-067-9210, 15-018-9237)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Pollack, and Wilson, JJ.,
and Intermediate Court of Appeals Associate Judge Reifurth,
in place of McKenna, J., recused)

Upon consideration of the March 15, 2017 report submitted to this court by the Disciplinary Board of the Hawai'i Supreme Court, the record, and the briefs submitted in this matter, we reach the following Findings of Fact and Conclusions of Law, based upon clear and convincing evidence.

In Case No. 14-001-9144, the record establishes that, from 2010 through September 30, 2013, Respondent Jo-Ann Adams failed to maintain a separate business account, in violation of Rule 1.15(a)(2) of the Hawai'i Rules of Professional Conduct

(HRPC) (1994).[1] She used counter deposit slips to deposit funds into her client trust account and her business account, and used counter checks to disburse funds from her client trust account, constituting multiple violations of HRPC Rule 1.15(b). Respondent Adams commingled her own funds – including funds earned in her legal practice, earned for non-legal work, and obtained through an inherited interest in a judgment – with client funds from 2010 through September 30, 2013, in violation of HRPC Rule 1.15(c). By willfully and knowingly retaining her earnings in her client trust account, she placed the client funds in her account at substantial risk of injury.

Respondent Adams paid personal and non-client business expenses from her client trust account, and withdrew funds from the account by means of checks made to "cash," each instance of such conduct constituting a violation of HRPC Rule 1.15(e). She failed to label checks and to maintain contemporaneous financial records with the accuracy and consistency necessary to protect the integrity of her clients' funds by responsibly overseeing the receipt, maintenance, and disbursement of those funds, as required by HRPC Rule 1.15(g)(2).

We further conclude that Respondent Adams failed to file her 2010, 2011, and 2012 federal and state tax returns until August 23, 2013, and her 2010 second semester and 2011 and 2012

---

[1] All citations to the HRPC in this order are to the 1994 edition, unless otherwise noted.

general excise tax returns until June 20, 2014. We further conclude failing to file her returns by the appropriate deadlines injured the public and the legal profession.

However, we also conclude, following a thorough and complete *de novo* review of the record, that the Office of Disciplinary Counsel (ODC) did not succeed in carrying its burden of establishing, by clear and convincing evidence, that Respondent Adams had the intent to conspire with her client in this case to sequester the client's inherited funds in her client trust account in order to avoid the payment by her client of appropriate taxes on those funds. See ODC v. Au, 107 Hawaiʻi 327, 336, 113 P.3d 203, 212 (2005); Disciplinary Bd. of the Hawaiʻi Supreme Ct. v. Bergan, 60 Haw. 546, 554, 592 P.2d 814, 819 (1979).

In Case No. 14-067-9210, we conclude Respondent Adams misappropriated client funds, in violation of HRPC Rules 1.15(c) and 1.15(d), and injured that client when, on December 30, 2013, she disbursed monies from her client trust account using a counter check, overdrawing the account, at a time when she, by her own admission, held funds for a client in that account.

In Case No. 15-018-9237, the record establishes by clear and convincing evidence that, on May 17, 2015, Respondent Adams wrote a check to herself for $459.80 from her client trust account against insufficient funds and, in making the

3

disbursement to herself, relied in part on $25.00 belonging to a client. Based upon the plain language of HRPC Rule 1.15(c) (2014), the withdrawal of the $25.00 of client money from her client trust account violated that Rule and injured the client in question.

Adams's grossly negligent recordkeeping also establishes, by clear and convincing evidence, that her financial recordkeeping was so inadequate, the violation of her duties under HRPC Rule 1.15(g) so severe, that she placed the funds of her clients in substantial danger of serious injury. This conclusion, viewed together with our conclusions regarding her failure to file tax returns and her comingling of personal funds in her client trust account, provides clear grounds for a substantial period of suspension. See ODC v. Horner, SCAD-15-930 (March 20, 2016); ODC v. Manuia, SCAD-13-136 (May 20, 2013); ODC v. Hartman, SCAD-11-96 (March 24, 2011); ODC v. James Ching, No. 25697 (May 2, 2003); ODC v. Trask, No. 21929 (January 19, 1999); see also In re: Alex, 205 So.3d 895 (La. 2016); In re Shamers, 873 A.2d 1089 (Del. 2005); In the Matter of Cabaniss, 495 S.E.2d 779 (S.C. 1998).

Finally, we find, in aggravation, that Respondent Adams violated multiple provisions of the HRPC over an extended period of time, had substantial experience in the practice of law and failed to file her tax returns when due.

We find, however, in mitigation, that Respondent Adams

4

has a clean disciplinary record, has an excellent reputation in the community and has performed significant *pro bono* work, fully and freely cooperated with ODC in its investigation (including taking the initiative to report a subsequent overdraft of her account), and expressed sincere remorse for the mishandling of her financial affairs and client funds in particular. Therefore,

IT IS HEREBY ORDERED that Respondent Adams is suspended from the practice of law for one year, effective 30 days after the entry date of this order.

IT IS FURTHER ORDERED that Respondent Adams shall complete a course, offered by the Practicing Attorneys' Liability Management Society (PALMS) or an equivalent, on the responsible management of a law practice, which shall include requirements governing the appropriate manner for receiving, maintaining, and disbursing client funds, handling earned fees and incurred costs, as well as the recordkeeping tools available to ensure compliance with the Hawaiʻi Rules of Professional Conduct and the Hawaiʻi Rules Governing Trust Accounting. Submission of proof of completion of this course shall be a pre-requisite to her reinstatement, as a condition of this order of suspension, pursuant to RSCH Rule 2.17(b)(2). Respondent Adams is reminded that, pursuant to RSCH Rule 2.17(a), she may not practice law until reinstated by an order of this court.

IT IS FURTHER ORDERED that, pursuant to RSCH Rule 2.16(d), within 10 days of the effective date of her suspension

5

Respondent Adams shall submit to this court proof of compliance with the requirements of RSCH Rule 2.16.

IT IS FURTHER ORDERED that any reinstatement of Respondent Adams to the practice of law shall be subject to her successful completion of an audit, within one year of her return to practice, conducted by the Practicing Attorneys' Liability Management Society or other similar organization, and submission to this court of proof of said successful completion within 60 days of the one-year anniversary of reinstatement, or good cause for an extension. Failure to fulfill this condition may result in a further period of suspension, upon a review of the record in this matter.

IT IS FINALLY ORDERED that Respondent Adams shall bear the costs of these disciplinary proceedings, upon the timely submission to this court of a verified bill of costs by ODC, pursuant to RSCH Rule 2.3(c).

DATED: Honolulu, Hawai'i, March 7, 2018.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Richard W. Pollack

/s/ Michael D. Wilson

/s/ Lawrence M. Reifurth

